■ ISLE OF WIGHT OWNER'S ASSOCIATION, INC., Respondent, v. MISSOURI VALLEY DREDGING Co. et al., Defendants, and M. A. GOUL et al., Appellants.— In an action to recover damages for trespass on land to which plaintiff claims title, and for an injunction, defendants, Goul and Haynes, engineers in the employ of the Department of Public Works of the State of New York, appeal from an order of the Supreme Court, Nassau County, dated June 27, 1960, denying their motion to dismiss the complaint, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground that as to them the complaint on its face fails to state facts sufficient to constitute a cause of action. Order affirmed, without costs. The fact that said defendants are employees of the State and were acting in the course of their official duties does not exempt them from personal responsibility for trespass upon plaintiff's land. (*Sanders* v. *Saxton*, 182 N. Y. 477, 479; *Litchfield* v. *Bond*, 186 N. Y. 66; *Pauchogue Land Corp.* v. *State Park Comm.*, 243 N. Y. 15; *Ottmann* v. *Village of Rockville Centre*, 275 N. Y. 270; *Moynihan* v. *Todd*, 188 Mass. 301; *Rhynders* v. *Greene*, 255 App. Div. 401.) Beldock, Ughetta, Kleinfeld and Christ, JJ., concur; Nolan, P. J., concurs in the result, being of opinion that the complaint states facts sufficient to constitute a good cause of action for an injunction, and that it is unnecessary now to determine the issue as to the liability of these two defendants for damages resulting from the claimed trespass.

■ In the Matter of JOHN L. CREHAN et al., Respondents-Appellants, v. CHARLES R. THOM, as Commissioner of Suffolk County Police Department, et al., Appellants-Respondents.— In a proceeding under article 78 of the Civil Practice Act, brought by petitioners, four former members of the Police Department of the Village of Brightwaters in Suffolk County: (1) to direct the Suffolk County Police Commissioner to transfer them to the County Police Department; (2) to direct him to continue to employ them in the County Police Department during their good behavior; and (3) to vacate the Civil Service Commission's resolution denying their demand for such transfer on the ground that they have no permanent status and were merely provisional employees of the Village Police Department when its functions were transferred to the County Police Department, the parties cross appeal: The Police Commissioner and the Civil Service Commission appeal from the order of the Supreme Court, Suffolk County, dated April 22, 1960, which directs them to transfer petitioners to the County Police Department and which vacates said resolution of the Civil Service Commission. The petitioners appeal from said order only insofar as it fails to direct the Police Commissioner to continue them in the employ of the County Police Department during their good behavior; that is, insofar as it fails to give them permanent status in the County Police Department. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.