■ AUTOMATED TICKET SYSTEMS, LTD., Respondent, v JOHN D. QUINN, as Director of New York State Division of the Lottery, et al., Appellants. — Order, Supreme Court, New York County (Gomez, J.), entered December 29, 1981, granting plaintiff's motion for an examination before trial, and denying defendants' cross motion to dismiss the complaint, is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and the motion to dismiss the complaint is granted on the ground that the action insofar as the Supreme Court has jurisdiction thereof has become moot; and plaintiff's motion for an examination before trial is denied. (Previous apps reported at 70 AD2d 726, mod 49 NY2d 792.) The complaint asks for three kinds of relief: (a) Declaring that the license agreement between plaintiff and defendant Division of the Lottery, and its predecessors (hereinafter Division), has not terminated and is a valid, subsisting and binding contract. (b) Enjoining defendants from canceling the license agreement and from failing to perform various acts during the life of the license agreement. (c) Granting plaintiff appropriate other relief including damages. During this lawsuit's long and tortuous history the prayer for injunction has become moot. Concededly,

the license agreement has expired and is no longer in existence. There is nothing from which to enjoin the defendants. The claim for damages against State officers and departments in their official capacity is one of which the Supreme Court does not have jurisdiction; the claim can be prosecuted only in the Court of Claims. (See *Automated Ticket Systems v Quinn,* 70 AD2d 726, mod 49 NY2d 792, *supra; Matter of Adams v New York State Civ. Serv. Comm.,* 51 AD2d 668.) An action for such damages is in fact pending in the Court of Claims. There remains only the prayer for declaratory judgment. At the present stage this is not a proper case for declaratory judgment. The only practical effect of the declaration is in its bearing on the claim for damages as to which the action in the Court of Claims is a full and adequate remedy. Declaratory judgment "is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action * * * Where there is no necessity for resorting to the declaratory judgment it should not be employed." (*James v Alderton Dock Yards,* 256 NY 298, 305; accord *Gaynor v Rockefeller,* 15 NY2d 120, 132.) Declaratory judgment "is generally appropriate only where a conventional form of remedy is not available and a declaratory judgment will serve some practical and useful purpose." (*Elkort v 490 West End Ave. Co.,* 38 AD2d 1, 4.) The contract having expired, "all of the rights asserted by plaintiff against defendants have accrued, and plaintiff should seek its remedy in an action at law for damages". (*Elmsford Props. Corp. v Daitch Crystal Dairies,* 13 AD2d 1026.) This is not a case where plaintiff is entitled to some remedy within the jurisdiction of the court but has asked for the wrong relief or cast his action in the wrong form, e.g., equity instead of law. Nor is it a proper case for declaratory judgment, where the court should declare the rights of the parties even if it declares against the plaintiff. (Cf. *Lanza v Wagner,* 11 NY2d 317.) Rather this is a case which is now not a proper case for declaratory judgment. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.