■ FRANK PAONE et al., Respondents, v DEWEY TRYON, Appellant, et al., Defendant.—In an automobile negligence action to recover damages for property damage and personal injuries, defendant Dewey Tryon appeals from an order of the

Supreme Court, Suffolk County (Vitale, J.), dated December 30, 1983, which denied his motion to dismiss the complaint as to him as barred by the Statute of Limitations.

Order affirmed, with costs.

Plaintiffs commenced this action by service of a summons and complaint upon defendant Dewey Tryon on or about March 4, 1983. The complaint alleges that a motor vehicle accident took place on January 9, 1981, due to defendant Dewey Tryon's negligent operation of an automobile owned by the State of New York which forced plaintiff Paone to swerve into the opposite lane of traffic and strike a vehicle stopped for a light at an intersection.

Public Officers Law § 17 merely creates a cause of action on behalf of a State employee or officer against the State for indemnification for financial loss sustained by virtue of such employee's or officer's negligence while acting within the scope of his employment (see, Ott v Barash, 109 AD2d 254; De Vivo v Grosjean, 48 AD2d 158). Under that statute the State does not become the real party in interest as there is no assumption of direct liability for the employee's negligent acts (Ott v Barash, supra; Olmstead v Britton, 48 AD2d 536).

Since plaintiffs have the right to sue a State employee in the Supreme Court and the State is not the real party in interest based upon its duty to indemnify under the Public Officers Law, the applicable Statute of Limitations is three years as provided in CPLR 214. Therefore plaintiffs' action was timely commenced as against defendant Dewey Tryon. Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.