*300 OPINION OF THE COURT
Hancock, Jr., J.
The issue is whether Supreme Court has subject matter jurisdiction to entertain an action against State employees for injuries allegedly sustained as a result of their negligence. The Appellate Division dismissed plaintiffs complaint holding that the State is the real party in interest in such an action and that it must be brought in the Court of Claims. We disagree and hold that the employees are the real parties in interest— not the State — and that, therefore, Supreme Court has subject matter jurisdiction. There should be a reversal and a reinstatement of the complaint.
From June 1981 until February 1982, plaintiffs decedent, Rebecca Morell, underwent treatment for severe and disabling rheumatoid arthritis at Helen Hayes Hospital, a State institution. In February 1982, during a hip replacement procedure performed by defendants, State-employed physicians, decedent suffered a cardiac arrest and died. Plaintiff, as administrator of his deceased wife’s estate and individually, commenced two malpractice actions — one against the State in the Court of Claims and another, the instant action, against defendants in Supreme Court, New York County. In both actions plaintiff seeks damages allegedly resulting from defendants’ negligent medical treatment of his wife. Supreme Court, in denying defendants CPLR 3211 (a) (2) dismissal motion, held that State employees may be sued in Supreme Court for tortious conduct committed in the course of their employment. The Appellate Division reversed and dismissed the complaint (contrast, Paone v Tryon, 112 AD2d 149; Ott v Barash, 109 AD2d 254; Olmstead v Britton, 48 AD2d 536; De Vivo v Grosjean, 48 AD2d 158). We granted leave to appeal.
Since the adoption of the Court of Claims Act (L 1929, ch 467) the State has been subject to suit for damages, but only in the Court of Claims (see, Court of Claims Act § 8; NY Const, art VI, § 9; Goldstein v State of New York, 281 NY 396, 404). The Court of Claims has limited jurisdiction to hear actions against the State itself, or actions naming State agencies or officials as defendants, where the action is, in reality, one against the State — i.e., where the State is the real party in interest. Generally, actions against State officers acting in their official capacity in the exercise of governmental functions are deemed to be, in essence, claims against the State and, therefore, suable only in the Court of Claims (see, Sinho *301 gar v Parry, 53 NY2d 424, 431; Glassman v Glassman, 309 NY 436, 440; Psaty v Duryea, 306 NY 413, 417, 419; Automated Ticket Sys. v Quinn, 90 AD2d 738, 739, affd 58 NY2d 949; Matter of Bock v Cooperman, 89 AD2d 539, 540, affd 59 NY2d 776; see also, Schaffer v Evans, 57 NY2d 992, 994). Not every suit against an officer of the State, however, is a suit against the State. (Glassman v Glassman, supra, at 443.)
A suit against a State officer will be held to be one which is really asserted against the State when it arises from actions or determinations of the officer made in his or her official role and involves rights asserted, not against the officer individually, but solely against the State. Thus, an action for damages against the Director of the State Lottery Division, stemming from a disputed termination of claimant’s license agreement, was, in actuality, an action against the State; it could, therefore, be brought only in the Court of Claims and Supreme Court had no jurisdiction (Automated Ticket Sys. v Quinn, supra). Similarly, a demand for damages against the Commissioner of the State Department of Social Services, based on the allegedly unconstitutional procedures employed by the State for out-of-State placement of mentally or emotionally handicapped children, was one against the State and, as such, assertable only in the Court of Claims (Sinhogar v Parry, supra, at 431; see, Psaty v Duryea, supra [State is real party in interest in suit for damages by a contractor against the State Commissioner of Conservation to recover the amount of a check deposited with the State to guarantee a bid that had assertedly been submitted by mistake]; Samuel Adler, Inc. v Noyes, 285 NY 34 [claim against the Commissioner of Agriculture and Markets to recover the amount paid to the State as license fee after the State denied the application for a license must be brought in Court of Claims against State]).
Where, however, the suit against the State agent or officer is in tort for damages arising from the breach of a duty owed individually by such agent or officer directly to the injured party, the State is not the real party in interest — even though it could be held secondarily liable for the tortious acts under respondeat superior. Thus, an action arising out of a traffic accident against a hospital operating a State ambulance service was not one against the State as real party in interest. The action could, therefore, be maintained against the hospital in Supreme Court (Murtha v New York Homeopathic Med. Coll. & Flower Hosp., 228 NY 183; see, Ottmann v Village of Rockville Centre, 275 NY 270; Clark v Cannizzaro, 37 AD2d *302 634). Similarly, where plaintiffs’ property was damaged by defendants in making street excavations as agents of the State, plaintiff was permitted to sue the primary tort-feasors in Supreme Court even though, as the court noted, the State could be held secondarily liable for their conduct. (Columbia Mach. Works v Long Is. R. R. Co., 267 App Div 582, 584). And, in Rhynders v Greene (255 App Div 401, 402), the court, in holding that a State official could be sued for tort damages in Supreme Court because of a negligently constructed drainage system, observed that although "the State has assumed liability for defendant’s alleged tort * * * the [Court of Claims Act] has not relieved the defendant from his personal responsibility for wrongs committed by him. The wrongdoer, even when an agent, must respond, whether the principal may be held or not.” (See also, Isle of Wight Owners’ Assn. v Missouri Val. Dredging Co., 9 NY2d 929, affg 12 AD2d 502.)
From the foregoing, it follows that plaintiff’s suit against defendants individually for an alleged breach of the duty of care owed by them directly to decedent was not one against State officers as representatives of the State in their official capacity which had to be brought in the Court of Claims. That plaintiff could have chosen to proceed in the Court of Claims directly against the State based on its vicarious responsibility for defendants’ actions does not make the State the real party in interest in the suit against defendants in Supreme Court.
We see no merit in the Attorney-General’s argument that the Court of Claims Act, in sections 8 and 9 (2), contains a legislative directive that whenever the State can be held vicariously liable under the doctrine of respondeat superior, all actions based on the tortious actions of its employees must be considered as claims against the State and brought in the Court of Claims. This reading of the Court of Claims Act would, of course, deprive an injured party of any forum for an action against the individual tort-feasor since only the State can be sued in the Court of Claims (see, Court of Claims Act § 9; Automated Ticket Sys. v Quinn, 90 AD2d 738, 739, supra). Such interpretation would, thus, result in a judicially created total immunity for State employees from individual liability for their tortious conduct while in the State’s employ. The interpretation must be rejected.
There is no question that prior to the adoption of the Court of Claims Act (L 1929, ch 467), State employees could be sued in Supreme Court and held individually liable for their torts *303 (see, Murtha v New York Homeopathic Med. Coll. & Flower Hosp., supra). The Attorney-General’s interpretation would require us to attribute to the Legislature, in its enactment of the Court of Claims Act, the intention of abolishing the then existing common-law right of an injured party to sue a tortious State employee in courts other than the Court of Claims. The Attorney-General points to nothing in the statute or in its history which suggests that the Legislature, when it created a new right for an injured party to sue the State in the Court of Claims for the acts of its employees (Court of Claims Act § 9 [2]), was at the same time, intending to take away the injured party’s established right to sue the individual tort-feasor if, indeed, it could do so. To read such intention into the statute by implication would offend accepted canons of statutory construction. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 74, 94, 141, 153.)
Contrary to the contentions of the Attorney-General, the passage of Public Officers Law § 17 (providing for the defense and indemnification of State employees by the State for acts or omissions in the course of employment; see, L 1971, ch 1104; L 1978, ch 466, § 1) confirms our conclusion that the Legislature, in adopting the Court of Claims Act, did not intend to abrogate the right of an injured party to sue a State employee for damages. The references in Public Officers Law § 17 (3) (a)[1] to settlements by or judgments against State employees "in any state or federal court” are a legislative recognition that State employees can be sued in such courts. Indeed, if they could not be, there would be no purpose at all for the indemnification provisions in Public Officers Law § 17 because there would be no court in which State employees could be sued since individuals are not subject to suit in the Court of Claims.[2] We agree with the conclusions in Paone v *304 Tryon (112 AD2d 149, supra); Ott v Barash (109 AD2d 254, supra); Olmstead v Britton (48 AD2d 536, supra); De Vivo v Grosjean (48 AD2d 158, supra) that nothing in Public Officers Law § 17 imposes direct liability upon the State for the negligent acts or omissions of its employees or makes the State the real party in interest in actions against them; and that the statute does not purport to diminish the remedies available to an injured party (see, Public Officers Law § 17 [5]; Ott v Barash, supra, at 257).
Accordingly, the order of the Appellate Division should be reversed, with costs, and defendants’ motion to dismiss the complaint denied.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order reversed, etc.

. Public Officers Law § 17 (3) (a) provides: "The state shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim, or shall pay such judgment or settlement; provided, that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment or duties; the duty to indemnify and save harmless or pay prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing on the part of the employee.”

. Defendants argue that the purpose of Public Officers Law § 17 was to create rights for employees solely in connection with Federal causes of action under the civil rights laws (42 USC §§ 1981, 1983). This argument is without merit. The statute plainly states that it applies to "any civil action *304 * * * in any state or federal court” which occurred as the result of negligence "or which is brought to enforce a provision of section nineteen hundred eighty-one or nineteen hundred eighty-three of title forty-two of the United States code” (Public Officers Law § 17 [2] [a]; see, Report of NY Law Rev Commn to Governor, 1978 McKinney’s Session Laws of NY, at 1605).