THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v DENNIS R. INSALACO, Defendant.

Supreme Court, Erie County, January 23, 1989

### APPEARANCES OF COUNSEL

*Boreanaz, Baker & Humann (Patrick J. Baker* of counsel), for defendant. *Kevin M. Dillon, District Attorney,* and *Robert Abrams, Attorney-General (Richard D. Kaufman* of counsel), for plaintiff.

### OPINION OF THE COURT

FREDERICK M. MARSHALL, J.

The defendant is charged under this indictment with offering a false instrument for filing in the first degree (two counts) and criminal possession of a forged instrument in the second degree. The gravamen of the offenses stems from false bids allegedly submitted by the defendant to the Public Administrator of Erie County.

In moving for its dismissal, the defendant argues that the indictment is defective since the larceny statutes allegedly violated make reference to "a public office or public servant" and the office of the Public Administrator is not a "public office" and the Public Administrator is not a "public servant".

In determining whether an individual is a public officer, the court must consider "the nature of the office, the functions and duties performed, and the tenure of the occupant". *(Matter of Haller v Carlson,* 42 AD2d 829.) Other indicia of public office pertain to whether its functions and duties "concern and affect the public". *(Matter of New York Post Corp. v Moses,* 12 AD2d 243, 250, *revd on other grounds* 10 NY2d 199.) Parenthetically, it may be noted that section 28 of the Public Officers Law provides that "[a] receiver, an assignee of the insolvent debtor, or a trustee or other officer, appointed by a court or a judge, is a public officer".

Mechem, in his Treatise on the Law of Public Offices and Officers (vol 1, ch 1, at 1-2 [1890]) defines "public office" as: "the right, authority, and duty created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer".

Thus, it might be said that an office is public if the position is mandated by statute, if it possesses independent official status, if its duties involve an exercise of some portion of the sovereign powers, and if the office embraces the idea of tenure and duration. The duration of tenure need not be for a fixed period but may be at the pleasure of the power creating the office. The manner in which the compensation of a position is fixed is not an absolute test to determine its nature but merely a circumstance to be considered. The taking of an oath and the furnishing of a bond may be considered although neither requirement is an absolute criterion to distinguish the office. *(See, Kingston Assocs. v LaGuardia,* 156 Misc 116, *affd* 246 App Div 803.)

While the Public Administrator in Erie County does not hold a salaried position, this fact, standing alone, does not affect the status of performing a government service. *(See, e.g., People v Kruger,* 87 AD2d 473, 475.) The Public Administrator has independent official status. The post is created by statute. (SCPA arts 11, 12.) The duties require a high degree of

independent judgment. The relationship with putative heirs is statutory whereas the ordinary executor or a private administrator functions on a quasi-contractual basis with the heirs of the estate. This "official status" was highlighted in *Matter of Abrams v Kearney* (133 Misc 2d 845) which held that the Comptroller, pursuant to section 8 (11) of the State Finance Law, has broad power to investigate and supervise the financial and management practices and policies of the Public Administrator.

By affixing the title of Public Administrator, the Legislature recognized the post as an agency of the State, authorized to perform a duty on behalf of the State and in the public service, viz., to conserve the assets of decedents who had died intestate and to locate heirs of the deceased.

In determining whether the Public Administrator exercises the sovereign powers or functions of the State, it is necessary to review and weigh the salient features of this office. The Public Administrator, acting on behalf of the court, is empowered to process the estates of persons who die without a will and without known heirs. The Public Administrator has a number of general powers above and beyond those given to a fiduciary of a decedent's estate. (SCPA 1213.)

Not all of the powers and duties of the Public Administrator commence upon the issuance of letters. The statute grants powers which may be exercised before letters are issued. (SCPA 1212.) Further, the Public Administrator, again on behalf of the court, is authorized to institute an inquiry as to any matter affecting the estate of the decedent and may issue a subpoena or subpoena duces tecum in the name of the court either before or after the issuance of letters. Failure to comply with the directions of the subpoena or subpoena duces tecum is punishable as a contempt of court. (SCPA 1216.) Upon an appeal by the Public Administrator, no bond may be required to stay execution of the order, decree, or judgment in question. (SCPA 1218.) Under section 1204 of the statute, the Public Administrator in this county shall file a bond in every estate in a sum to be fixed by the court. We must also be mindful that a narrow application of the term "public servant" has been rejected. *(Matter of Onondaga County District Attorney's Off.,* 92 AD2d 32.)

I am constrained to find from the foregoing that the functions of the office entail the exercise of the sovereign power of the State, and that, consequently, the definition of public servant is applicable to the role of the Public Administrator.

This conclusion is not diluted by the Attorney-General's letter to the Public Administrator of Erie County that "your service as a *public official* in this matter does not come within the scope of eligibility for representation and indemnification under Section 17 of the Public Officers Law" (emphasis supplied). Section 17 has been construed as creating a cause of action on behalf of State employees against the State for indemnification and imposes no direct liability upon the State for the negligence of its employees. *(See, Paone v Tryon,* 112 AD2d 149.) Not every public official is entitled to be indemnified by the State of New York.

Also without merit is the defendant's position that counts 1 and 3 are subject to dismissal because there is no proof that the defendant acted "with intent to defraud the state or any political subdivision thereof". (Penal Law § 175.35.) It is now well settled that the crime of offering a false instrument for filing in the first degree is committed when a person intentionally files a written instrument with a public office knowing that it contains false information or a false statement with intent to defraud the State. " 'It is not necessary that the Government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane or the overreaching of those charged with carrying out the governmental intention' ". *(People v Kase,* 76 AD2d 532, 537, *affd* 53 NY2d 989, citing *Hammerschmidt v United States,* 265 US 182.)

Finally, the defendant contends that counts 1 and 2 are subject to dismissal because of a disparity between the time the allegedly false instruments were submitted to the Public Administrator and the actual dates of sale of property. Further, he alleges that count 3 is defective because the sale of the estate property took place in December 1984 but the alleged false instrument was not delivered until July 1985.

Counts 1 and 2 allege that the crimes occurred "between on or about March 23, 1984, to on or about June 20, 1984". The third count alleges that the offense took place between "on or about July 11, 1985, to on or about July 16, 1985". CPL 200.50 (6) states that an indictment must contain a statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time. Thus, the indictment is sufficient if it alleges where, when, and what the defendant is accused of. *(People v Iannone,* 45 NY2d 589, 599.) This indictment's reference to a

period of time for each count, amplified by a bill of particulars, provides sufficient notice to satisfy CPL 200.50. *(See, People v Morris,* 61 NY2d 290, 294.)

For all of the foregoing reasons, the defendant's motions are denied in all respects.