OPINION OF THE COURT
Kevin J. Kerrigan, J.
*397 Motion by defendant Commissioner of Jurors, pursuant to CPLR 3211, to dismiss all actions, including third-party actions, against him is granted, for the reasons that follow. The branch of the motion seeking dismissal of plaintiff Boles’s action (Action No. 2) against defendant Ludwicki, upon the ground that the action is barred by the Workers’ Compensation Law, is also granted.
These actions arise from a motor vehicle collision which occurred on March 8, 2001, between a jury bus driven by Ludwicki, a New York State court officer, and a vehicle owned and operated by defendant Bergren. At the time of the collision, Officer Ludwicki was driving 12 sequestered jurors and 3 court officers from a hotel in Staten Island to Kings County Supreme Court. The owner of the jury bus is the Commissioner of Jurors of Kings County.
All five actions have been joined for trial, Action No. 5 having been joined by a stipulation so ordered by this court on August 11, 2003.
The Commissioner of Jurors asserts that all actions against him should be dismissed because he is a New York State official and, as such, the proper forum to commence an action for monetary damages against him is the Court of Claims, not the Supreme Court. Opposition has been submitted by plaintiffs in Action No. 1 as to this branch of the motion, and by plaintiff Boles on the workers’ compensation issue only.
At the outset, notwithstanding that plaintiffs may be correct in arguing that the motion is procedurally defective, since none of the evidence annexed to the moving papers is in admissible form, the court must overlook this argument. First, trial of these actions is imminent, and to deny this motion without prejudice, based upon its procedural defect, would delay the tried unnecessarily. Second, the complaints plead causes of action against the Commissioner of Jurors as the owner of the jury bus. To argue that the motion must be denied, since the Commissioner of Jurors has failed to submit evidence in admissible form establishing that he is the registered owner of the jury bus, is inconsistent with the assertions in the complaints, and will not defeat the motion (see, Prince, Richardson on Evidence § 8-215 [Farrell 11th ed]). As to Boles, he admitted at his deposition that he was a Supreme Court officer assigned to Kings County Supreme Court, and was on the jury bus accompanying the sequestered jurors on the date of the collision. This sworn statement operates as a judicial admission binding *398 upon Boles (see, Prince, Richardson on Evidence § 8-219 [Farrell 11th ed]). Thus, his argument also fails. The evidence annexed to the moving papers will be deemed to be in admissible form for purposes of this motion.
In terms of the merits of the motion, within the City of New York, the Commissioner of Jurors is the County Clerk (see, Judiciary Law § 502 [a]). The County Clerk is a state officer when he performs an act that is in itself a part of the functioning of the state judicial system (see, 25 NY Jur 2d, Counties, Towns, and Municipal Corporations § 328; see also, Olmsted v Meahl, 219 NY 270 [1916]). Additionally, in the City of New York, “the office of County Clerk is now wholly a part of the Unified Court System” (see, National Westminster Bank v State of New York, 76 NY2d 507, 509 [1990]). The Commissioner of Jurors, defendant and third-party defendant herein, is, therefore, a state official under the law.
The Court of Claims Act was adopted in 1929 (see, L 1929, ch 467) and, since then, the State of New York can be sued for damages, but only in the Court of Claims (see, Court of Claims Act § 8; NY Const, art VI, § 9; Goldstein v State of New York, 281 NY 396 [1939]). The Court of Claims has limited jurisdiction to hear actions against the State, or actions naming state agencies or officials as defendants, “where the action is, in reality, one against the State — i.e., where the State is the real party in interest” (see, Morell v Balasubramanian, 70 NY2d 297, 300 [1987]). In general, an action against a state officer acting in his official capacity while exercising a governmental function is deemed to be a claim against the State and, therefore, actionable only in the Court of Claims (see, Sinhogar v Parry, 53 NY2d 424, 431 [1981]; Automated Ticket Sys. v Quinn, 90 AD2d 738, 739 [1982], affd 58 NY2d 949 [1983]). An action against a state officer is really asserted against the State when it stems from an action or determination made in the officer’s official role, which involves rights asserted solely against the State, not against the officer individually (see, Morell v Balasubramanian, supra at 301).
If, however, the action against the state officer sounds in tort for damages arising from the breach of a duty owed individually by such officer directly to the injured party, “the State is not the real party in interest — even though it could be held secondarily liable for the tortious acts under respondeat superior” (see, Morell v Balasubramanian, supra at 301).
This court holds that the actions naming the Commissioner of Jurors are, in essence, claims against a state official acting as *399 a representative of the State in his official capacity as registered owner of the jury bus, and must be brought in the Court of Claims. Clearly, Ludwicki, as a court officer driving the jury bus within the scope of his employment, may be sued in Supreme Court (see, Pratt v State of New York, 181 Misc 2d 488, 489-490 [1999]; Public Officers Law § 17). However, in terms of the Commissioner of Jurors, he is not being sued herein as a state official in his individual capacity, naming him as such. In this instance, part of his official duties involve ownership of the jury bus and ultimate responsibility for transportation of sequestered jurors. Notwithstanding that the Commissioner of Jurors is a state employee as well as a state official with responsibilities enumerated in the Judiciary Law, as noted above, ownership of the jury bus in his official capacity makes the State the real party in interest when determining rights and responsibilities that flow from such ownership.
Under this analysis, section 17 of the Public Officers Law, which recognizes that state employees may be sued in state courts (see, Public Officers Law § 17 [3] [a]), does not impose direct liability upon the State for the negligent acts or omissions of its employees, such as Ludwicki. But the Public Officers Law does not alter the result that the State is the real party in interest as to allegations regarding the Commissioner of Jurors’ ownership of the jury bus in his official capacity (see, Pratt v State of New York, supra at 490). Although the action against the Commissioner of Jurors must be tried in the Court of Claims, where plaintiffs in Action No. 1 have a similar action pending, plaintiffs would not be deprived of their forum in Supreme Court, since the alleged negligence on the part of Ludwicki would be adjudicated here.
Principles of vicarious responsibility, under section 388 (1) of the Vehicle and Traffic Law, would not alter the foregoing analysis. On this record, there is no admissible proof of any additional responsibility that may have been breached by the Commissioner of Jurors as the registered owner.
In terms of the other branch of the motion, the action brought by Boles against Ludwicki must be dismissed, upon the ground that his sole remedy, as an employee allegedly injured during the course of his employment by a coworker, is the Workers’ Compensation Law (see, Workers’ Compensation Law § 29 [6]; Druiett v Brenner, 193 AD2d 644, 645 [1993]). At the time of the collision, Boles was working as a Supreme Court officer escorting sequestered jurors back to Kings County Supreme
*400 Court, and was on the jury bus with Supreme Court Officer Ludwicki, who was driving the bus.
Accordingly, the motion to dismiss all actions as well as third-party actions against the Commissioner of Jurors is granted in all respects, and the branch of the motion to dismiss the Boles action (Action No. 2) as against Ludwicki is also granted.