OPINION OF THE COURT
Francois A. Rivera, J.
Defendant Singh moves for an order compelling codefendant, David Pelligrino, to appear for a deposition, or alternatively, for an order pursuant to CPLR 3126 (2), precluding codefendant, David Pelligrino, from testifying at trial. Codefendant, David Pelligrino, opposes the motion and cross-moves to dismiss the complaint pursuant to CPLR 3211 and 3212 and Correction Law § 24 on the grounds that this court lacks subject matter jurisdiction over the complaint. Defendant Singh opposes codefendant’s cross motion. Plaintiff partially supports defendant Singh’s motion to preclude codefendant Pelligrino from testifying by consenting to a conditional preclusion if codefendant fails to appear for a court-ordered deposition. Plaintiff also opposes codefendant David Pelligrino’s cross motion to dismiss the complaint for lack of subject matter jurisdiction.
This is an action for personal injuries arising out of a motor vehicle accident that occurred on April 6, 1999 at approximately 12:25 p.m. at the intersection of Queens Boulevard and 39th Street in Queens County, New York. At the time of the accident Pelligrino, a Department of Correctional Services employee, was driving a state-owned vehicle from Sing-Sing to Queensboro Correctional Facility to deliver supplies. Pelligrino collided with a motor vehicle operated by codefendant David Singh. Plaintiffs Chiazim Ismail, Sunai Iusein, Guilliano Dubos, and Ecaterina Stoica were all passengers in Singh’s motor vehicle. There is no dispute that Pelligrino was the sole occupant in his vehicle.
Pursuant to Correction Law § 24 (1) and (2), Pelligrino seeks dismissal of all actions against him claiming the Supreme Court lacks subject matter jurisdiction and that he has immunity from liability for the accident.
Correction Law § 24 provides in pertinent part:
“1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
*190 “2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.”
Although Pelligrino claims that the Supreme Court lacks subject matter jurisdiction and that he has personal immunity, decisional case law reveals that a plain reading of the statute does not resolve the issue. Pelligrino cites Morell v Balasubramanian (70 NY2d 297 [1987]) for the proposition that a tort action naming an employee of the state for an act done within the scope of employment is in essence an action against the State of New York itself. As such, he argues that exclusive jurisdiction lies in the Court of Claims.
However, in the Appellate Division decision by the Third Department, Mark v Vasseur (213 AD2d 927 [3d Dept 1995]), the Court rejected this interpretation of Morell on facts more similar to the case at bar. In Mark, plaintiff sued for personal injuries sustained in a motor vehicle accident with the defendant, an employee of the State Department of Correctional Services who was transporting prisoners in a state-owned van. Defendant, in a motion to set aside an adverse verdict, argued that Correction Law § 24 required that the matter be tried exclusively before the Court of Claims. The court denied defendant’s claim citing Morell and Martin v Baughman (205 AD2d 966 [3d Dept 1994]).
In Mark, the Court implicitly found that defendant’s operation of the vehicle was not an exercise of an official government function and the State was not the real party in interest. The matter was deemed to be outside of the ambit of Correction Law § 24 and properly before the Supreme Court. The Court of Appeals denied permission to appeal the decision (85 NY2d 1032 [1995]).
Pelligrino submits that he was acting within the scope of his employment and that Correction Law § 24 (1) and (2) provide him with personal immunity from liability. He contends further that the plaintiffs must pursue their remedies against the State in the Court of Claims. As has already been noted, there is appellate authority rejecting this broad interpretation of the statute.
This court finds that a narrower interpretation of Correction Law § 24 is more appropriate when viewed in light of the *191 purposes for which it was enacted. “Because of the unquestioned risks to inmates, employees, and the public from a breakdown in order and discipline in correctional facilities and the potentially tragic consequences of such occurrences . . . , it is particularly important that correction officers not be dissuaded by the possibility of litigation from making the difficult decisions which their duties demand” (Arteaga v State of New York, 72 NY2d 212, 220 [1988]; see Jones v State of New York, 33 NY2d 275 [1973]). The statutory protection of Correction Law § 24 has been provided to permit correction officers to perform the demanding task of maintaining safety and security within correctional facilities “undeterred by the fear of personal liability and vexatious suits, which could substantially impair the effective performance of a discretionary function.” (Ierardi v Sisco, 119 F3d 183 [2d Cir 1997], quoting Arteaga v State of New York, supra, at 222 [1988].)
Relying on the legislative intent for which Correction Law § 24 was enacted, “within the scope of the employment and in the discharge of the duties” may be reasonably construed to encompass only those aspects of employment that involve interaction between inmates and correction officers or employees. Under such a statutory construction, the negligent driving of a motor vehicle in which no inmates are transported would not fall under the statute’s protection. In Morell v Balasubramanian (70 NY2d 297 [1987]), the Court of Appeals adopted this narrow construction of Correction Law § 24 and found the negligent driving of a motor vehicle to be outside the protection of the statute.
It is well settled in our jurisprudence that where a statute is susceptible to two possible constructions, one of which will give rise to constitutional doubt, and the other which avoids such a question, the latter construction must be adopted (People v Dietze, 75 NY2d 47 [1989]; People v Liberta, 64 NY2d 152 [1984]; People v Barber, 289 NY 378 [1943]).
The first statutory construction relied upon by Pelligrino is susceptible to constitutional attack on the basis of the Equal Protection Clause of the 14th Amendment of the United States Constitution. To implicate the protection of the Equal Protection Clause of the 14th Amendment, Correction Law § 24 must create a classification (see City of Cleburne v Cleburne Living Ctr., 473 US 432 [1985]).
In the present case, Correction Law § 24 singles out employees of the Department of Correctional Services for special *192 protection that is not available to other state and city agencies and departments, and therefore a classification is created. Because the classification does not affect a fundamental right or a protected class, in order to survive an equal protection attack, the classification engendered by Correction Law § 24 must have been enacted for a legitimate state purpose, and the means chosen must be rationally related to the purpose (Minnesota v Clover Leaf Creamery Co., 449 US 456 [1981]).
The legitimate purpose of Correction Law § 24 is to preserve order and safety within New York State penal facilities. As the Court of Appeals reasoned in Arteaga, officers or employees of the Department of Correctional Services are often called upon to make difficult, quasi-judicial decisions to preserve safety and order among the inmate population. They should be able to make these difficult and necessary decisions without fear of potential litigation.
This court, analyzing the purpose for which Correction Law § 24 was enacted, finds no rational nexus with the statute’s purpose of performing the demanding task of maintaining safety and security within the correctional facilities and immunizing correction department employees from the negligent operation of a motor vehicle without inmate passengers. If Correction Law § 24 is narrowly construed to involve conduct involving interaction with inmates, then it may withstand an equal protection attack.
The latter construction of Correction Law § 24, by narrowly construing the statute to require some interaction with inmates to invoke the statute’s protection, saves it from constitutional infirmities that arise in the broader construction. Therefore, because the narrow construction of Correction Law § 24 saves it from constitutional doubt, it is the construction that must be adopted.
Inasmuch as defendant Pelligrino was alone at the time of the accident and was not acting in a quasi-judicial capacity with inmates, his conduct falls outside the protection of Correction Law § 24. For the foregoing reasons, his motion to dismiss the complaint against him is denied.
Defendant Pelligrino must appear for an examination before trial within 45 days of the entry of this order.