Law Offs. of Paul A. Chin, P.C. v Seth A. Harris, PLLC (2018 NY Slip Op 02250)





Law Offs. of Paul A. Chin, P.C. v Seth A. Harris, PLLC


2018 NY Slip Op 02250


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6130 6129

[*1]Law Offices of Paul A. Chin, P.C., Plaintiff-Respondent,
v
Seth A. Harris, PLLC doing business as Burns & Harris, Defendant-Appellant.


Burns & Harris, New York (Jason S. Steinberg of counsel), for appellant.
Paul A. Chin, New York, for respondent.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 16, 2016, in favor of plaintiff, in the amount of $8,400 plus costs and disbursements, and dismissing defendant's counterclaim, and bringing up for review an order, same court and Justice, entered December 12, 2016, which granted plaintiff's motion for summary judgment holding defendant liable on plaintiff's claim for unpaid hourly fees in the principal amount of $8,400, dismissing defendant's counterclaim, and declaring that the July 2015 memorandum prepared by plaintiff was a valid and enforceable contract, and denied defendant's cross motion for summary judgment on its counterclaim, unanimously affirmed, without costs, and plaintiff's motion denied insofar as it sought declaratory relief. Appeal from the aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff and defendant are both engaged in the practice of law. Plaintiff prepared and sent to defendant a memorandum, dated July 28, 2015, setting forth terms for defendant's contemplated part-time employment of plaintiff, "between 15-25 hours per week," for a term of six months, commencing on August 24, 2015. The memorandum set forth an hourly rate of $100 for plaintiff's services, to be billed on a monthly basis and offset against $2,100 rent for plaintiff's office space, "up to a maximum of 350 hours." However, if plaintiff was not charged for rent, the memorandum provided that plaintiff would bill for its services at an hourly rate of $50, again, "up to a maximum of 350 hours." While defendant did not indicate its acceptance of the memorandum in writing, the parties appear to have operated under its terms through the end of January 2016, although plaintiff billed, and defendant paid, for more than 460 hours, in aggregate, up to that point.
It is undisputed that plaintiff continued to perform services for defendant through March 10, 2016. Plaintiff billed for 136 hours of work in February 2016 and for 32 hours in March 2016, at an hourly rate of $50, without deduction for rent. When defendant declined to pay the invoices for these months, plaintiff commenced this action, seeking to recover, as relevant to this appeal, $8,400 for its work during February and March 2016. Defendant answered and asserted a counterclaim to recover the amounts it had paid for plaintiff's work in December 2015 and January 2016.
On the parties' competing motions for summary judgment, Supreme Court correctly granted summary judgment to plaintiff on its claim for damages for unpaid legal work. Defendant does not deny that plaintiff performed the work reflected on the bills for February and March 2016, nor does defendant allege that this work was performed without its knowledge or contrary to its instructions. Whether or not plaintiff's July 2015 memorandum reflects the terms of an actual agreement between the parties, and even if the parties did not reach an express agreement covering the work plaintiff performed in February and March 2016 (by which time plaintiff had already billed for more than the 350 hours contemplated in the memorandum), the [*2]record, including defendant's admissions, establishes that, if no deduction is to be made for rent, plaintiff is entitled to be compensated for that work on a quantum meruit basis at the hourly rate of $50.[FN1]
Defendant's counterclaim to recover its payments of approximately $20,750 for the previous December and January, which it seeks to have offset against plaintiff's $8,400 claim, is barred by the voluntary payment doctrine, since defendant fails to present any evidence that it made the payments while laboring under any material mistake of fact or law concerning the invoiced services or the basis for the billing (see Dillon v U-A Columbia Cablevision of Westchester, Inc. , 100 NY2d 525, 526 [2003] [the voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law"]). While defendant alleges that the payments were made by its office manager (who had check-signing authority), without the approval of defendant's principal, this would not constitute a mistake of material fact affording grounds to recover a voluntarily made payment. We also note that the same office manager signed the checks in payment of plaintiff's invoices for September, October and November of 2015.
Finally, we vacate the declaration concerning the contractual status of plaintiff's July 2015 memorandum. Given that plaintiff is afforded complete relief by its recovery of damages — to which it is entitled, on this record, even if the memorandum does not constitute a contract governing the rendition of the services at issue — the claim for declaratory relief is superfluous (see Ramos v Madison Square Garden Corp. , 257 AD2d 492, 492 [1st Dept 1999] [a claim for declaratory relief based on an alleged defamation "fails because plaintiff has an adequate remedy at law, i.e., post-publication damages"]; Automated Ticket Sys., Ltd. v Quinn , 90 AD2d 738, 739 [1st Dept 1982] [dismissing a claim for a declaratory judgment where "(t)he only practical effect of the declaration is in its bearing on the claim for
damages"], affd 58 NY2d 949 [1983]; Bartley v Walentas , 78 AD2d 310, 312 [1st Dept 1980] [a claim for declaratory relief "is unnecessary where an action at law for damages will suffice"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK



Footnotes

Footnote 1:In his affirmation, defendant's principal asserts, in conclusory fashion, that the parties agreed that plaintiff would be paid $100 per hour with a $2,100 rent deduction, or $50 per hour without a rent deduction, "whichever was less." The claim that plaintiff's compensation was to be calculated by "whichever [formula] was less" is belied by the documented fact that defendant, without protest, paid plaintiff for September, October and November of 2015 according to the former formula ($100 per hour with a rent deduction) even though the latter formula ($50 per hour without a rent deduction) would have yielded lesser amounts for those months.