Maiorana v Green (2025 NY Slip Op 01518)

Maiorana v Green

2025 NY Slip Op 01518

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

634 CA 24-00186

[*1]JAMES MAIORANA, PLAINTIFF-APPELLANT,
v
LORI A. GREEN, DEFENDANT-RESPONDENT. 

ROSENBAUM & ROSENBAUM, P.C., NEW YORK CITY, THE LAW OFFICE OF MICHAEL JAMES PRISCO PLLC, MASSAPEQUA (MICHAEL J. PRISCO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALEXANDRIA TWINEM OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Steuben County (Patrick F. McAllister, A.J.), entered July 27, 2023. The order, insofar as appealed from, granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries that he allegedly sustained in a motor vehicle accident when his vehicle collided with a vehicle owned by the State of New York and driven by defendant in the scope of her employment as a parole officer with the Department of Corrections and Community Supervision (DOCCS). As limited by her brief, plaintiff now appeals from that part of an order granting defendant's motion to dismiss the complaint pursuant to CPLR 3211 on the ground that Correction Law § 24 deprived Supreme Court of jurisdiction over the matter. We agree with plaintiff that the court erred in granting the motion, and we therefore reverse the order insofar as appealed from.
"The Court of Claims has limited jurisdiction to hear actions against the State itself, or actions naming State agencies or officials as defendants, where the action is, in reality, one against the Statei.e., where the State is the real party in interest. Generally, actions against State officers acting in their official capacity in the exercise of governmental functions are deemed to be, in essence, claims against the State and, therefore, suable only in the Court of Claims" (Morell v Balasubramanian, 70 NY2d 297, 300 [1987]). "Not every suit against an officer of the State, however, is a suit against the State" (id. at 301). "A suit against a State officer will be held to be one which is really asserted against the State when it arises from actions or determinations of the officer made in his or her official role and involves rights asserted, not against the officer individually, but solely against the State" (id.). If, however, "the suit against the State agent or officer is in tort for damages arising from the breach of a duty owed individually by such agent or officer directly to the injured party, the State is not the real party in interesteven though it could be held secondarily liable for the tortious acts under respondeat superior" (id.).
Correction Law § 24 (2) provides that claims for damages "arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties" of any State employee shall be brought in the Court of Claims as claims against the State. Thus, Correction Law § 24 "places actions for money damages against [DOCCS] employees within the jurisdiction of the Court of Claims only where the conduct alleged is within the scope of the officer's employment and in the discharge of his or her official duties" (Woodward v State of New York, 23 AD3d 852, 855 [3d Dept 2005], lv dismissed 6 NY3d 807 [2006] [emphasis added]). "The conditioning of the statute's effect upon these criteria reflects the common-law principle that the State is the real party in interest where an action against a State officer is for [*2]conduct undertaken in an official capacity and in the exercise of an official governmental function" (id. at 855-856, citing, inter alia, Morell, 70 NY2d at 300). "If, however, the [DOCCS] officer's conduct is a breach of an individual duty and not in the exercise of an official governmental function, then the State is not the real party in interest and section 24 is not applicable" (id. at 856; see generally Morell, 70 NY2d at 300).
Here, the complaint asserts a single cause of action based on allegations that defendant operated the vehicle in a negligent manner, i.e., that defendant's alleged negligence arises from her violation of a duty she owed plaintiff as a fellow driver, and not as a DOCCS employee. Thus, plaintiff's action is "against . . . defendant individually for an alleged breach of a duty of care owed by the defendant directly to [plaintiff], and not one against State officers as representatives of the State in their official capacity which had to be brought in the Court of Claims pursuant to Correction Law § 24" (Crist v Rosenberger, 219 AD3d 569, 570-571 [2d Dept 2023]; see Mark v Vasseur, 213 AD2d 927, 927 [3d Dept 1995], lv dismissed 85 NY2d 1032 [1995]; see generally Morell, 70 NY2d at 302). We therefore conclude that defendant failed to establish on her motion that Correction Law § 24 deprived Supreme Court of jurisdiction over the matter.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court