25-366-cv
*Bell v. University of the State of N.Y.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-five.

Present:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

NICOLE M. BELL,

> *Plaintiff-Appellant*,

> v.                                                                              25-366-cv

KALEIDA HEALTH, JONATHAN HART,
KIMBERLY WEAR, VANESSA O'NEIL,
UNIVERSITY OF THE STATE OF
NEW YORK, by and through the Board of
Regents, LESTER W. YOUNG, JR.,
Chancellor, Board of Regents of the
University of the State of New York, in his
official capacity, BETTY A. ROSA,
Commissioner of the New York State
Education Department, in her official capacity,

> *Defendants-Appellees*.

---

1

| For Plaintiff-Appellant: | TREVOR M. FULLER, The Fuller Law Firm, P.C., Brooklyn, NY. |
|---|---|
| For Defendants-Appellees University of the State of New York, by and through the Board of Regents, Lester W. Young, Jr., Chancellor, Board of Regents of the University of the State of New York, in his official capacity, and Betty A. Rosa, Commissioner of the New York State Education Department, in her official capacity: | JONATHAN D. HITSOUS (Barbara D. Underwood and Victor Paladino, *on the brief*), Assistant Solicitor General, *for* Letitia James, Attorney General for the State of New York, Albany, NY. |
| For Defendants-Appellees Kaleida Health, Kimberly Wear, Vanessa O'Neil, and Jonathan Hart: | Paige Roseman, Peter Wiltenburg, Bond Schoeneck & King PLLC, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Nicole Bell appeals from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *District Judge*) entered on January 15, 2025, dismissing her complaint for failure to state a claim and refusing to exercise supplemental jurisdiction over her state-law claims. Bell, a nursing supervisor at Kaleida Health's Highpointe on Michigan skilled nursing facility, was placed on leave after she purportedly failed to provide patients with medication during a short-staffed night shift. Bell alleged that she told her supervisor that she was not able to administer medication because she had not done so in 12 years and also because of her documented anxiety disorder. She also complained of understaffing at the facility, both before and during the night at issue. Bell was later the subject of an enforcement proceeding

2

brought by the New York State Education Department's Office of Professional Discipline. She subsequently brought suit against Kaleida Health and its employees Kimberly Wear, Vanessa O'Neil, and Jonathan Hart (collectively, the "Kaleida Defendants"); as well as the University of the State of New York ("USNY"), Lester W. Young, Jr. (in his official capacity as Chancellor of the Board of Regents of USNY), and Betty A. Rosa (in her official capacity as Commissioner of the New York State Education Department) (collectively, the "State Defendants"). Her complaint asserted claims against under New York State disability, labor, and tort law, as well as under 42 U.S.C. § 1983.

Both sets of Defendants moved to dismiss, and the district court granted their motions. The court concluded that Bell's claims against USNY and claims for monetary relief against Young and Rosa were barred by sovereign immunity, and that Bell's remaining claims for injunctive and declaratory relief against Young and Rosa failed on the merits.[1] Further, the court held that the Kaleida Defendants could not be held liable under § 1983 because they did not willfully participate in joint activity with the State Defendants, and the court declined to exercise supplemental jurisdiction over the remaining state-law claims against the Kaleida Defendants. Bell now appeals, challenging the dismissal of her claims against the State Defendants. We assume the parties' familiarity with the case.

## I.     Sovereign Immunity

Bell contends that the district court erred in finding that sovereign immunity under the Eleventh Amendment and general state sovereign immunity compel dismissal of her claims against

---

[1] Because the district court adopted the magistrate judge's Report and Recommendation on the motions to dismiss in full, we cite the Report and Recommendation when discussing the district court's order.

USNY (an instrumentality of New York State) and claims for monetary relief against Young and Rosa (two officers of the State). We review the district court's dismissal *de novo*, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Neurological Surgery Prac. of Long Island, PLLC, v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 222 (2d Cir. 2025).

"The concept of state sovereign immunity encompasses different species of immunity." *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015).[2] The Eleventh Amendment provides that the "'Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States' by citizens of another State, and (as interpreted) by its own citizens." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002) (quoting U.S. CONST. amend. XI). This immunity extends to "state instrumentalities that are, effectively, arms of a state," *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009), as well as state officials sued in an official capacity, *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). General sovereign immunity, by contrast, protects states from "*all* private suits, whether in state or federal court." *Beaulieu*, 807 F.3d at 483.

Neither form of immunity is absolute. A state waives its immunity under the Eleventh Amendment when it removes an action to federal court. *Lapides*, 535 U.S. at 624. Similarly, a state can waive general sovereign immunity in both state and federal court. *Beaulieu*, 807 F.3d at 483. However, if a state has not waived general sovereign immunity in its own courts, it can still invoke this immunity following removal to federal court in the absence of Eleventh Amendment

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

immunity. *Id.* at 488–90. In effect, a state can remove to federal court without sacrificing the general sovereign immunity to private suit that it enjoys in its own courts. *Id.* at 488.

Here, the State Defendants waived immunity under the Eleventh Amendment by removing this action to federal court. While the district court distinguished the Supreme Court's decision in *Lapides* as "limited solely to the context of state-law claims," App'x at 59, this Court in *Beaulieu* found that Vermont's removal of federal claims resulted in waiver of Eleventh Amendment immunity. 807 F.3d at 482, 490. The State Defendants' removal of Bell's § 1983 claims to federal court had the same effect.

Because the State Defendants are not protected by the Eleventh Amendment, the only species of immunity available to them is general state sovereign immunity. Here, the State Defendants prevail because they were entitled to general sovereign immunity in New York State courts on claims for damages. New York has "waive[d] its immunity from liability and consent[ed] to be sued upon condition that the claimant brings suit in the [New York] Court of Claims." *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39 (2d Cir. 1977). This includes damages suits against state officers in their official capacities involving rights asserted against the State, which are deemed to be claims against the State itself. *Morell v. Balasubrumanian*, 70 N.Y.2d 297, 300–01 (1987). As the State Defendants note, claims for deprivation of federal constitutional rights are not within the Court of Claims' jurisdiction. *See* N.Y. Ct. Cls. Act § 9(2) and (2-a). Thus, New York has not waived its sovereign immunity for damages under § 1983.[3]

---

[3] Moreover, because Bell sued in the New York State Supreme Court, and not the Court of Claims, the State Defendants could have invoked sovereign immunity on the basis of improper forum even before removal.

While Bell is correct that New York State has relinquished "some of its immunity" with respect to declaratory judgments by enacting N.Y. C.P.L.R. § 3001, a statute permitting declaratory relief, *see Bowen v. State Bd. of Soc. Welfare of State of N.Y.*, 55 A.D.2d 235, 237 (2d Dep't 1976), *rev'd on other grounds sub nom., Jones v. Beame*, 45 N.Y.2d 402 (1978), she has failed to show that New York can be sued in its Court of Claims under § 1983, or that it can be held liable for damages outside of its Court of Claims. She also has not shown that Congress abrogated New York's general sovereign immunity when enacting § 1983. Her reliance on *Kostok v. Thomas*, 105 F.3d 65 (2d Cir. 1997), to argue that general sovereign immunity gives way to claims of a constitutional violation, is misplaced because the cited portion of this case describes only the exception to the Eleventh Amendment provided by *Ex Parte Young*, 209 U.S. 123 (1908), which authorizes only prospective injunctive and declaratory relief against state officers. *Kostok*, 105 F.3d at 69.

Thus, while the district court improperly found that the Eleventh Amendment applied, it was correct that the State Defendants can rely on general sovereign immunity to avoid liability for damages.

## II.     42 U.S.C. § 1983

To the extent that general sovereign immunity does not prevent Bell from obtaining declaratory or injunctive relief, she still cannot do so because she fails to state a § 1983 claim. Bell asserts a § 1983 claim under the equal protection guarantee of the Fourteenth Amendment, invoking both "selective enforcement" and "class[-]of[-]one" theories of liability. As to selective enforcement, plaintiffs must show that (1) they were "selectively treated" compared to "others similarly situated," and (2) "the selective treatment was motivated by an intention to discriminate

on the basis of impermissible considerations." *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019). A plaintiff states a claim on a "class-of-one" theory if she adequately alleges that she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010).

Bell's § 1983 claim fails under both theories. Starting with selective prosecution, Bell has not properly alleged that the State Defendants acted pursuant to an impermissible motive. The complaint's only substantive allegation about the State Defendants is that they "sent a letter to Bell (through her attorney) setting forth allegations of gross negligence and negligence" and "indicating that a disciplinary proceeding was warranted." App'x at 24, ¶ 72. But Bell does not allege that the State Defendants acted pursuant to an improper motive when they sent this letter. While the complaint does state that "Defendants" generally engaged in selective treatment that was "motivated by animus and meant to punish Ms. Bell in retaliation for her disclosure of and opposition to Defendants' wrongful conduct and to shift blame onto Ms. Bell for their own fault[,]" *id.* at 25, ¶ 77, this allegation cannot be read as referring to anyone besides the Kaleida Defendants, who filed the initial disciplinary complaint against Bell. Bell thus fails to state a claim against the State Defendants under the selective prosecution theory.

Similarly, Bell has not stated a claim under the class-of-one theory because the complaint does not establish a sufficiently similar comparator. Bell argues that the other nurses who were present and on duty during the night at issue are relevant comparators, but the complaint contains no allegations explaining how these nurses were similarly situated to Bell. The allegations that Bell identifies in her briefing either do not mention the other nurses, contain offhanded references

to the nurses, or make conclusory assertions that the nurses were similarly situated. Nowhere does the complaint describe the nurses' relevant characteristics, such as their positions or responsibilities, or detail their conduct, such as whether they refused to administer medications and asked to go home on the night at issue.[4] The fact that the other nurses were also on duty does not establish the requisite level of similarity. If, for example, the nurses' responsibilities did not pertain to ensuring that patients were medicated, or the nurses did not object to performing their job duties, then they might not be comparable in a relevant way. Bell has thus failed to establish that "no rational person" could regard her circumstances to differ from the other nurses "to a degree that would justify the differential treatment on the basis of a legitimate government policy." *Hu*, 927 F.3d at 92; *see also NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 198 (2d Cir. 2019) (holding that silence on the details of a purported comparator was "fatal" to a class-of-one theory).

\* \* \*

We have considered Bell's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[4] Bell's briefing argues that the other nurses on duty "had overlapping responsibilities concerning patient care" with her. Appellant's Br. at 13. However, her complaint does not contain any allegations to this effect.

8