■ PLEASANT RIDGE TOWNHOUSE HOMEOWNERS' ASSOCIATION, Respondent, v J.W. WICKIERI et al., Individually and as Employees of the State Department of Transportation, Appellants, et al., Defendants. [624 NYS2d 230] —In an action, *inter alia,* to recover damages for negligence, the defendants J.W. Wickieri, M. Mignogna, M. Taley, R.M. Gardeski, and W.H. Kikillus appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered March 26, 1993, which denied their motion to dismiss the amended complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the amended complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

The Supreme Court erred in concluding that the plaintiff could maintain a cause of action against the appellants based on their alleged negligence in issuing a permit pursuant to Highway Law § 52. A suit against a State officer is considered to be asserted against the State when it arises from actions or determinations the officer made in his or her official role and

involves rights asserted not against the officer individually but solely against the State *(see, Morell v Balasubramanian,* 70 NY2d 297).

However, when the suit is in tort to recover damages arising from the breach of a duty owed individually by the officer directly to the injured party, the officer may be held liable. The State is not the real party in interest, even though it could be held secondarily liable for the tortious acts under the doctrine of respondeat superior *(see, Morell v Balasubramanian, supra).*

Here the State is the real party in interest because the appellants were acting within their official capacities when they engaged in the decision-making process involved in issuing the permit. Moreover, it has not been shown that there was a duty owed by these officers directly to the individual plaintiff *(cf., Morell v Balasubramanian,* 70 NY2d 297, *supra; Isle of Wight Owners' Assn. v Missouri Val. Dredging Co.,* 9 NY2d 929; *Rhynders v Greene,* 255 App Div 401). Although not addressed by the Supreme Court, we further find that under the circumstances of this case absolute immunity attached to the appellants because they were acting in a discretionary capacity in granting a highway permit pursuant to Highway Law § 52 *(see, Arteaga v State of New York,* 72 NY2d 212, 216; *Tarter v State of New York,* 68 NY2d 511, 518-519; *Tango v Tulevech,* 61 NY2d 34, 41). Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.