■ Anjola Thomas et al., Appellants, v Hugh Tarpley, as Director of Metro New York Developmental Disabilities Services Office, et al., Respondents, et al., Defendants. [700 NYS2d 697] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered December 23, 1998, which granted defendants-respondents' motion to dismiss the complaint and all cross claims against them, unanimously affirmed, without costs.

The Supreme Court lacked subject matter jurisdiction to entertain plaintiffs' claim for money damages against defendants-respondents, individual State employees who at all times relevant to the instant matter were acting in their official capacities (see, Court of Claims Act § 9 [4]; Sinhogar v Parry, 53 NY2d 424, 431). Plaintiffs' claims that these defendants were negligent are clearly premised upon "actions or determinations" made by these defendants in their "official roles" (Pleasant Ridge Townhouse Homeowners' Assn. v Wickieri, 213 AD2d 611), and, consequently, the real party defendant in interest is the State (see, City of New York v Maul, 239 AD2d 225). Plaintiffs have also failed to make out a cognizable constitutional claim under the 14th Amendment and 42 USC § 1983 since there is no showing that plaintiff has been deprived of his substantive due process liberty interests (see, Mark G. v Sabol, 247 AD2d 15, 29-30, lv granted 253 AD2d 1004, mod 93 NY2d 710; see also, DeShaney v Winnebago County Dept. of Social Servs., 489 US 189, 201-202). Moreover,

even if plaintiffs' constitutional rights had been violated, there is no indication that defendants-respondents were personally and directly involved in the deprivation of said rights (*see, McKinnon v Patterson*, 568 F2d 930, 934, *cert denied* 434 US 1087; *compare, Hafer v Melo*, 502 US 21). Concur—Nardelli, J. P., Tom, Lerner, Rubin and Saxe, JJ.