OPINION OF THE COURT
Sylvia G. Ash, J.
Defendants the City of New York, New York City Police *560 Department, New York City Police Commissioner Raymond Kelly and New York City Police Officer Alfonso Mendez (hereinafter collectively the City) move for an order pursuant to CPLR 3211 dismissing or bifurcating plaintiffs’ Monell claims, dismissing Police Commissioner Raymond Kelly from the case, as well as for various other relief explained below. Plaintiffs oppose and cross-move for leave to amend their complaint and to compel certain items of discovery.
Background
This action stems from an incident that occurred on August 27, 2010, resulting in the death of 11-year-old Briana Ojeda. According to the complaint, plaintiff Carmen Torres was attempting to drive her daughter Briana to Long Island College Hospital because she was suffering from an asthma attack. Plaintiffs claim that, in Ms. Torres’s desperate attempt to get Briana to the hospital, she drove down Henry Street in the wrong direction, nicked another vehicle, and was subsequently stopped by defendant Police Officer Alfonso Mendez. The complaint further alleges that Ms. Torres begged Mendez for emergency assistance to help transport her daughter to the hospital but that he refused to call an ambulance or render any aid or assistance when Briana fainted. Plaintiffs allege that when Ms. Torres asked Mendez to perform cardiopulmonary resuscitation (CPR), he stated that he “didn’t do CPR” and that he “didn’t know CPR.” Plaintiffs also allege that Mendez hampered and impeded Ms. Torres in driving Briana to the hospital by following her in his patrol car and “bleeping” his siren. Briana died later that day at the hospital.
On or about August 26, 2011, plaintiffs filed a summons and complaint alleging nine causes of action for violation of their civil rights under 42 USC § 1983 and under state law for intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, wrongful death, conspiracy and prima facie tort. Plaintiffs also assert a state law claim for negligent hiring and retention against the municipality, the New York City Police Department (NYPD) and Commissioner Kelly. Plaintiffs seek both compensatory and punitive damages and request that the City be compelled to implement a program of training and certifying NYPD officers in CPR and first aid.
In its motion, the City requests the following relief:
1. To dismiss plaintiffs’ Monell claims on the basis that plaintiffs failed to plead sufficient facts to state a claim and fur *561 ther failed to allege a legally cognizable constitutional claim because there is no constitutional right to emergency medical assistance; in the alternative, the City requests that the Monell claims be bifurcated in the interest of efficiency.
2. To dismiss Commissioner Kelly from the case since the municipality is the real party in interest. The City contends that plaintiffs’ allegations against Commissioner Kelly of “implementing policies” and “failing to identify and punish EO. Mendez” and “negligent hiring and retention” are actions taken in Commissioner Kelly’s official capacity, and not by him as an individual.
3. To dismiss plaintiffs’ claims for negligent hiring and retention because Mendez was acting within the scope of his employment.
4. To dismiss plaintiffs’ claims for punitive damages because the State and its political subdivisions are not subject to punitive damages.
5. To dismiss plaintiffs’ claims of negligence for failing to identify and discipline Mendez and for Mendez’s failure to make log entries, prepare an aided report and make proper radio communications because these acts constitute post-incident events that did not cause actual harm to plaintiffs.
6. To quash plaintiffs’ notice to depose Commissioner Kelly because he is a high-ranking agency official who does not possess unique personal knowledge of the subject incident.
7. To dismiss plaintiffs’ claim for injunctive relief directing that the NYFD implement a program of mandatory training for provision of CFR and first aid because it is procedurally defective and without any substantive legal basis.
8. To dismiss plaintiffs’ claims for intentional infliction of emotional distress because this cause of action cannot be brought against a governmental entity.
9. To dismiss the claim for negligent infliction of emotional distress by plaintiff Michael Ojeda (Briana’s father) because he was not at the scene of the incident and therefore, not in the “zone of danger” pursuant to Bovsun v Sanperi (61 NY2d 219, 231 [1984]).
10. To dismiss plaintiffs’ claim of prima facie tort because such a claim cannot be brought against a governmental entity as a matter of public policy, and further, because plaintiffs cannot prove special damages, a necessary element of the claim.
*562 11. To dismiss plaintiffs’ claim of conspiracy because plaintiffs have failed to plead the facts underlying the alleged conspiracy with sufficient particularity to withstand a motion to dismiss.
In opposition, plaintiffs contend their Monell allegations are sufficient to withstand a motion to dismiss. They further argue that Commissioner Kelly should remain a defendant because he is not relieved of liability for his own actions or omissions, such as his failure to properly train and instruct his subordinates in CPR. They further argue that Commissioner Kelly’s deposition is necessary because he possesses firsthand knowledge as to why the NYPD refuses to train their police officers in CPR and because he is personally involved in the matter as demonstrated by statements he made at a press conference.
With regards to their claim for injunctive relief, plaintiffs contend that 42 USC § 1983 allows for such equitable relief.
As for their claim for intentional infliction of emotional distress, plaintiffs contend that the City’s conduct meets the level of outrageousness to support their claim.
With regards to the remainder of the City’s motion, plaintiffs’ opposition fails to offer a response.
Plaintiffs cross-move to amend their complaint. Plaintiffs contend that their proposed amended complaint “merely expands upon the already asserted constitutional claims in the initial complaint and further delineates the constitutional deprivations committed by defendants with greater particularity.” However, the court notes that plaintiffs neglected to delineate what those expansions are.
In opposition, the City asserts that plaintiffs’ proposed amended complaint contains the following three new causes of action: (1) state-created danger under section 1983; (2) conspiracy to impede the due course of justice under 42 USC § 1985; and (3) prima facie tort on behalf of Michael Ojeda. The City argues that these new causes of action fail to state a claim or are otherwise time-barred. They further argue that plaintiffs’ expansion on their allegations falling under section 1983 still fail to state a claim.
In their cross motion, plaintiffs also seek discovery related to a previously submitted in camera submission, which has already been resolved by this court in its decision dated August 7, 2012. The parties are directed to review that decision with regards to plaintiffs’ demand for discovery.
*563 Discussion
In reviewing a motion to dismiss under CPLR 3211, “the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Martin v Liberty Mut. Ins. Co., 92 AD3d 729, 730 [2d Dept 2012]).
Monell Claims
For the purposes of deciding the City’s motion to dismiss plaintiffs’ Monell claims, the court turns to the allegations contained in plaintiffs’ proposed amended complaint. In relevant part, plaintiffs allege the following:
1. that the City “failed to take necessary and adequate measures to train, retrain, supervise, monitor, educate and ensure that its officers received the proper training so as to enable them to render necessary aid when in the presence of aided cases where persons were in need of emergency medical care” (proposed amended complaint ¶ 38);
2. that the City had “de facto policies, practices and customs that were a direct and proximate cause of the unconstitutional conduct committed herein in that its police officers were not properly trained and retrained in CPR and First Aid; were not required to provide CPR and First Aid to aided cases; were not properly trained and retrained to provide proper and adequate medical and other assistance to aided cases . . . and were not uniformly retrained . . . under what circumstances its police officers were required to render reasonable aid” (id. ¶ 39); and
3. that the City further violated plaintiffs’ constitutional rights in “permitting a pattern and practice within its police department of allowing the wrongful detention without probable cause of [Ms. Torres], to write her a traffic ticket, while [Briana] was in dire need of medical attention” (id. ¶ 40).
It is well established that a plaintiff may not hold a municipality liable pursuant to section 1983 under a theory of respondeat superior (see Monell v New York City Dept. of Social Servs., 436 US 658, 694 [1978]). Rather, to hold a municipality liable under 42 USC § 1983 for the unconstitutional actions of its employees, a plaintiff must plead and prove (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right (see Canton v Harris, 489 US 378, 385 [1989]; Monell v New York City Dept. of Social Servs.; Wilner v *564 Village of Roslyn, 99 AD3d 702, 703-705 [2d Dept 2012]). “Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source” (Singer v Fulton County Sheriff, 63 F3d 110, 119 [2d Cir 1995]).
Here, without citation to any authority, plaintiffs claim that the municipality’s failure to train and retrain its police officers in CPR and first aid and its alleged policy of not requiring provision of emergency medical services to “aided cases” constitutes a constitutional deprivation. However, without any authority for this proposition, the court declines to find that plaintiffs have articulated a denial of a constitutional right subjecting the municipality to section 1983 liability with regard to those claims.
While the Due Process Clause forbids the State itself to deprive individuals of life, liberty, or property without “due process of law,” it generally confers “no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests” (DeShaney v Winnebago County Dept. of Social Servs., 489 US 189, 194-196 [1989]). In other words, there is no constitutional right to rescue services, competent or otherwise (Brown v Commonwealth of Pa., Dept. of Health Emergency Med. Servs. Training Inst., 318 F3d 473, 481-483 [3d Cir 2003]). Thus, while the NYPD may have its own in-house policy regarding rendering emergency medical assistance to those in need of it, this does not signal that a constitutional right to receive such emergency medical assistance exists. Thus, a municipality’s failure to train and retrain its police officers in CPR and to ensure adherence to its own policies regarding CPR provision does not constitute a constitutional deprivation.
There are two exceptions to the general rule that there is no federal constitutional right to rescue services: (1) the special relationship exception and (2) the state-created danger exception (see Deshaney at 200-201). However, even if this court were to find that plaintiffs sufficiently alleged the applicability of these exceptions, plaintiffs’ section 1983 claims against the municipality must still fail because the proposed amended complaint fails to allege, with any specificity, a municipal policy, practice or custom that was the moving force behind the alleged violation of their constitutional rights, as required under Monell (see Dwares v City of New York, 985 F2d 94, 101 [2d Cir 1993]).
For the same reason, to the extent that plaintiffs have articulated a cognizable constitutional deprivation regarding the alleged wrongful detention of Ms. Torres (see proposed *565 amended complaint ¶ 40), the court finds plaintiffs’ pleadings to be insufficient for municipal liability under Monell (see Oklahoma City v Tuttle, 471 US 808, 823-824 [1985]; Ricciuti v N.Y.C. Tr. Auth., 941 F2d 119, 123 [2d Cir 1991] [stating that a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy]). Plaintiffs’ allegations of wrongdoing solely concern Mendez’s failure to provide CPR upon request and his impeding Ms. Torres’s efforts to obtain medical treatment for her daughter by issuing her a ticket. Assuming Mendez’s conduct in this regard amounts to a constitutional deprivation, there is nothing in the amended complaint to indicate a pattern of similar alleged unconstitutional conduct. Mere “boilerplate” assertions that a municipality has such a custom or policy which resulted in a deprivation of the plaintiffs rights is insufficient to state a Monell claim (Khanukayev v City of New York, 2012 WL 3538729, *4, 2012 US Dist LEXIS 113779, *9-12 [SD NY, Aug. 13, 2012, No. 09 Civ 6175]).
In short, because plaintiffs have failed to allege any facts supporting the existence of a municipal policy that resulted in a violation of plaintiffs’ rights, the complaint is defective on its face for Monell liability. Plaintiffs Monell claims must therefore be dismissed.
Police Commissioner Kelly
The City contends that plaintiffs’ claims against Commissioner Kelly for, inter alia, failing to identify and punish Mendez, misleading the public about Mendez’s identity, and allowing police officers to refuse to render emergency aid should be dismissed because all such claims involve actions taken in his official capacity, not by him as an individual.
The court concurs. By virtue of County Law § 54, made applicable to the counties within the City of New York by County Law § 941, the head of an agency may not be held personally liable for the actions or omissions of his subordinates. Although plaintiffs contend that Commissioner Kelly can still be made liable for his own acts or omissions, plaintiffs’ allegations against him, properly construed, concern his official duties as head of the NYPD. As such, the municipality is the real party in interest, not Commissioner Kelly (see Thomas v Tarpley, 268 AD2d 258, 258 [1st Dept 2000]). Plaintiffs’ complaint as against Commissioner Kelly is therefore dismissed.
With regards to the branch of the City’s motion seeking to quash Commissioner Kelly’s deposition, the court agrees with *566 the City and finds that a deposition of Commissioner Kelly is unwarranted under the circumstances presented here. Plaintiffs do not dispute that Commissioner Kelly is a high-ranking government official. Generally, a party seeking a deposition of a high-ranking official must show that the “official has information that cannot be obtained from any other source and that a deposition would not interfere significantly with the official’s ability to perform his or her governmental duties” (Colon v New York City Bd. of Educ., 2008 NY Slip Op 31388[U], *5-6 [Sup Ct, NY County 2008], citing Martin v Valley Natl. Bank of Arizona, 140 FRD 291, 314 [SD NY 1991]). Here, plaintiffs failed to show that Commissioner Kelly possesses relevant and material information that could not be obtained from any other source. Contrary to plaintiffs’ assertion, the mere fact that Commissioner Kelly made statements to the media regarding the subject incident does not demonstrate his personal or unique firsthand knowledge as to the circumstances involved in this case. Accordingly, the City’s motion to quash Commissioner Kelly’s deposition is granted.
Negligent Hiring and Retention
The branch of the City’s motion to dismiss plaintiffs’ claim for negligent hiring and retention of Mendez on the basis that the City has answered for Mendez, who was acting within the scope of his employment, is granted, there appearing no opposition to this branch of the motion.
Punitive Damages and Injunctive Relief
Plaintiffs’ claims for punitive damages against the municipality are dismissed. The Court of Appeals has made it clear that the City of New York, as a political subdivision of the State of New York, must be presumed immune from punitive damages, absent any legislative intent to the contrary (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 386 [1987]; Johnson v Kings County Dist. Attorney’s Off., 308 AD2d 278, 296 [2d Dept 2003]).
In addition, inasmuch as plaintiffs make a claim for “equitable relief’ under section 1983 compelling the municipality to implement a training program on behalf of its police officers regarding the provision of CPR and first aid, such claims must be dismissed. Not only is there no legal basis for this claim, plaintiffs lack standing to seek prospective injunctive relief for a past event that has no foreseeable likelihood of recurring (for them) (see Los Angeles v Lyons, 461 US 95, 111 [1983]).
*567 Infliction of Emotional Distress
The branch of the City’s motion to dismiss plaintiffs’ claim for negligent infliction of emotional distress on behalf of Michael Ojeda, Briana’s father, for failure to comply with the “zone of danger” rule is granted, there appearing no opposition to this branch of the motion.
However, the branch of the City’s motion to dismiss plaintiffs’ claims for intentional infliction of emotional distress on behalf of Carmen Torres and Michael Ojeda is denied at this time as premature. While “[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity” (Liranzo v New York City Health & Hosps. Corp., 300 AD2d 548, 548 [2d Dept 2002]), the City failed to show Mendez’s entitlement to having this cause of action dismissed insofar as asserted against him (see Eckardt v City of White Plains, 87 AD3d 1049, 1051 [2d Dept 2011]; Wu v City of New York, 934 F Supp 581, 592 [SD NY 1996]). Since this cause of action may be viable against the City for Mendez’s actions under a theory of respondeat superior, dismissal at this time would be premature.
Prima Facie Tort
The court finds that plaintiffs’ claim of prima facie tort must be dismissed. “Prima facie tort affords a remedy for ‘ “the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful” ’ ” (Freihofer v Hearst Corp., 65 NY2d 135, 142 [1985]). The elements of prima facie tort are (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful (id. at 142-143).
There is nothing in plaintiffs’ complaint supporting such a cause of action. Moreover, plaintiffs failure to allege any specific and measurable loss is fatal to their claim (see Cavanaugh v Doherty, 243 AD2d 92, 101 [3d Dept 1998]). Plaintiffs’ opposition merely reiterates the law of prima facie tort. As such, this cause of action must be dismissed.
Conspiracy
The branch of the City’s motion to dismiss plaintiffs’ claim of conspiracy based on their failure to plead the facts underlying the alleged conspiracy with sufficient particularity to withstand a motion to dismiss is granted, there appearing no opposition to this branch of the motion.
Plaintiffs’ Motion to Amend their Complaint
Plaintiffs’ motion to amend their complaint is denied to the extent it alleges a new cause of action on behalf of Michael *568 Ojeda for prima facie tort and a new cause of action under 42 USC § 1985 alleging a conspiracy to impede the due course of justice.
This court has already found that a cause of action for prima facie tort is unsupported by the factual allegations herein. In addition, plaintiffs’ vague and general allegations of a conspiracy to deprive them of constitutional rights are insufficient to support such a conspiracy claim under section 1985 (see Williams v Maddi, 306 AD2d 852, 853 [4th Dept 2003]). Accordingly, plaintiffs’ motion to amend their complaint to add these new causes of action is denied for palpable insufficiency (see Lucido v Mancuso, 49 AD3d 220, 227 [2d Dept 2008]). Plaintiffs’ motion to amend is otherwise granted as there is no prejudice to the City in allowing the amendment.
Conclusion
For the reasons set forth above, it is hereby ordered that plaintiffs’ motion to amend their complaint is denied to the extent it seeks to add prima facie tort on behalf of Michael Ojeda (eleventh cause of action in amended complaint) and conspiracy to impede due course of justice (fifth cause of action in amended complaint), but is otherwise granted; it is further ordered that plaintiffs’ 42 USC § 1983 claims against the municipality are dismissed; it is further ordered that plaintiffs’ claims against Police Commissioner Kelly are dismissed in their entirety; it is further ordered that plaintiffs’ notice to depose Police Commissioner Kelly is quashed; it is further ordered that plaintiffs’ claim for negligent hiring and retention (twelfth cause of action in amended complaint) is dismissed; it is further ordered that plaintiffs’ claim for negligent infliction of emotional distress on behalf of Michael Ojeda (ninth cause of action in amended complaint) is dismissed; it is further ordered that plaintiffs’ claims for prima facie tort on behalf of Carmen Torres (tenth cause of action in amended complaint) is dismissed; it is further ordered that plaintiffs’ claims for punitive damages and injunctive relief are dismissed; and it is further ordered that to the extent the City’s motion has not been granted according to the above, it is denied.
The Clerk of the Court is respectfully directed to terminate Police Commissioner Kelly as a named defendant in the caption.