■ In the Matter of JAMES. A. MARTIN, Appellant, v WIL-

LIAM C. HENNESSY et al., Constituting the Board of the New York State Thruway Authority, Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered November 6, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the New York State Thruway Authority dismissing petitioner from his employment as Executive Director thereof.

Petitioner was summarily dismissed from his position as Executive Director of the New York State Thruway Authority (hereinafter respondent). Although petitioner's position was classified as "exempt" under 4 NYCRR 2.1 and would not otherwise have enjoyed the protection of Civil Service Law § 75 (1) that appointees be removed only "for incompetency or misconduct shown after a hearing upon stated charges", respondent had approved Resolution No. 1746, which granted exempt employees such as petitioner the protection of Civil Service Law § 75. Petitioner commenced this CPLR article 78 proceeding seeking, *inter alia,* annulment of his dismissal and reinstatement, contending that he could not be dismissed without charges and a hearing as provided by Civil Service Law § 75. Supreme Court dismissed the petition. Petitioner appeals.

We affirm. It is well settled that "[a]n administrative agency cannot by regulatory fiat directly or indirectly countermand a statute enacted by the Legislature" *(Servomation Corp. v State Tax Commn.,* 51 NY2d 608, 612; *see, Matter of Summerson v Barber,* 93 AD2d 652, 654, *lv denied* 60 NY2d 555). Thus, there is no question that respondent, in appointing employees, must abide by the Civil Service Law *(see,* Public Authorities Law § 354 [6]). It is empowered "[t]o appoint officers, agents and employees and fix their compensation; subject however to the provisions of the civil service law, which shall apply to the authority as a municipal corporation other than a city" (Public Authorities Law § 354 [6]). Simply stated, respondent's effort to afford its exempt management/confidential employees job tenure that is expressly withheld from them by statute *(see,* Civil Service Law § 75 [1]) was a misguided attempt to circumvent the law. We conclude, therefore, that Resolution No. 1746 is void as an attempt to reclassify the position of Executive Director from the exempt class to one of the classes that are afforded the protection of Civil Service Law § 75 (1) without following the requisite procedures of Civil Service Law § 20 *(see, Matter of Joyce v Ortiz,* 108 AD2d 158, 164; *see also, Matter of Burns v Quinones,* 68 NY2d 719).

Even if we hypothesize that respondent was empowered to disregard the Public Authorities Law and circumvent the Civil Service Law, its action is still void as an ultra vires attempt to bind future Boards of respondent. The law is well settled that a municipal corporation performing a governmental function may not bind its successors *(see, e.g., Edsall v Wheler,* 29 AD2d 622, 623), and, as we have already noted, respondent is treated as a municipal corporation when exercising its power to appoint officers, agents and employees, and to fix their compensation (Public Authorities Law § 354 [6]). In fact, the Court of Appeals has held respondent to be "an arm or agency of the State" *(Easley v New York State Thruway Auth.,* 1 NY2d 374, 376), created for the purposes of constructing, maintaining and operating a "thruway system * * * for the benefit of the people of the state of New York" (Public Authorities Law § 353). Since these acts are traditionally governmental functions and statutorily recognized as such (Public Authorities Law § 353), it is our view that the doctrine of ultra vires applies to respondent in regard to the appointment of petitioner to the sensitive and confidential position of Executive Director. We further conclude that by attempting to accord petitioner the protections of Civil Service Law § 75 (1), respondent purported to bind future Boards, in violation of public policy *(see, Matter of Lake v Binghamton Hous. Auth.,* 130 AD2d 913, 914-915; *Matter of Harrison Cent. School Dist. v Nyquist,* 59 AD2d 434, 436, *lv denied* 44 NY2d 645).

For the foregoing reasons, Supreme Court properly determined Resolution No. 1746 to be void and, accordingly, that respondent did not abuse its discretion in summarily discharging petitioner.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.