■ JAMES A. MARTIN, Appellant, v CHARLES T. LANIGAN et al., Respondents.—Casey, J. P. Appeal from a judgment of the Supreme Court (McDermott, J.), entered December 6, 1988 in Albany County, which granted defendants' motion to dismiss the amended complaint.

Plaintiff was hired by the New York State Thruway Authority as Deputy Director of Operations in 1975. Subsequently, he

was appointed to the position of Deputy Executive Director and then Executive Director. All of these positions are classified "exempt" under 4 NYCRR 2.1.* In 1974, despite this classification, defendants Edwin J. Fehrenbach and Charles T. Lanigan, as members of the Thruway Authority Board (hereinafter referred to as the 1974 Board members), passed Resolution No. 1746 which attempted to protect employees who held "exempt" positions by extending to them the protection of Civil Service Law § 75. This resolution was essentially a restatement of a longstanding policy to accord all Thruway employees the protection of Civil Service Law § 75.

In 1984, the Thruway Authority Board, comprised of defendants Henry A. Bersani, Louise M. Sunshine and Lanigan (hereinafter referred to as the 1984 Board members), sought to summarily dismiss plaintiff from his position of Executive Director. The 1984 Board members adopted Resolution No. 2799, which granted plaintiff a leave of absence from his position and appointed him to the temporary position of Deputy Executive Director. The resolution also provided that plaintiff was to retain "all of the rights and benefits accrued to him by virtue of his permanent status as Executive Director".

In 1987, the Thruway Authority announced that plaintiff was to be replaced as its Deputy Executive Director. This announcement prompted plaintiff to claim that Resolution No. 1746 and prior policy prevented his removal except for cause, established after a hearing. Shortly thereafter, the 1984 Board members modified Resolution No. 1746 to exclude management/confidential employees who held exempt positions and issued a resolution terminating plaintiff's employment. Plaintiff sought to enjoin his dismissal in Federal court, but was unsuccessful. He also commenced a CPLR article 78 proceeding against the 1984 Board members, seeking annulment of his dismissal and reinstatement. Supreme Court dismissed plaintiff's article 78 proceeding and this court affirmed that judgment *(Matter of Martin v Hennessy,* 147 AD2d 800), holding that the Thruway Authority's efforts to afford its exempt management/confidential employees job tenure that is expressly withheld by Civil Service Law § 75 (1) was a misguided attempt to circumvent the law, and that the attempted reclassification was void either in this regard or as an ultra

---

* This classification exempts these positions from the protections provided by Civil Service Law § 75 when the holders of these positions are being terminated or disqualified.

vires attempt to bind future Thruway Authority Boards in violation of public policy.

Plaintiff thereupon commenced this action against the 1974 and 1984 Board members for damages, allegedly sustained as the result of their ultra vires acts in approving Resolutions Nos. 1746 and 2799. The complaint does not specify whether defendants are being sued in their official or individual capacities. Prior to joinder of issue, defendants moved for dismissal on the grounds that plaintiff failed to state a cause of action against defendants, the court lacked subject matter jurisdiction over defendants and the action alleged against the 1974 Board members was barred by the Statute of Limitations. Supreme Court granted defendants' motion and plaintiff appealed.

The first issue presented is in which capacity defendants are alleged to have acted. The Court of Appeals has made clear that when defendants have acted in their individual capacities, as distinguished from their official capacities, they are the real parties in interest and an action that so alleges is properly brought in Supreme Court (Morell v Balasubramanian, 70 NY2d 297). In our prior decision in plaintiff's article 78 proceeding, we held that Resolution No. 1746 was "a misguided attempt to circumvent the law" and ultra vires (Matter of Martin v Hennessy, supra, at 801). Nevertheless, plaintiff's complaint fails to allege that the 1974 Board members acted in their individual capacities in approving the resolution and not in their official roles. Nor does the complaint seek damages arising from the breach of a duty owed individually by the 1974 Board members to plaintiff. In these circumstances, plaintiff has failed to establish that the individual 1974 Board members are the real parties in interest (cf., Morell v Balasubramanian, supra, at 301). Accordingly, the action cannot be brought in Supreme Court (supra, at 300). Even if the complaint was viable, this action against the 1974 Board members would be barred by the Statute of Limitations, as Supreme Court held.

The 1984 Board members' approval of Resolution No. 2799 was not ultra vires. The enactment of this resolution was an act clearly within the scope of their official capacity and authority. Plaintiff's claim against the 1984 Board members arises from this act and, as such, is a claim against the State (see, Morell v Balasubramanian, supra) over which Supreme Court has no subject matter jurisdiction (see, Sinhogar v Parry, 53 NY2d 424, 431). Moreover, such action by the State's officers and employees "in the everyday operations of govern-

ment" *(Arteaga v State of New York,* 72 NY2d 212, 216), involving, as it does, the exercise of their discretion in appointment and removal of personnel from highly confidential and sensitive positions, entitles the officers and employees to claim sovereign immunity from such suits, as distinguished from situations where the action complained of is ministerial in nature for which the State has waived immunity *(see, Tango v Tulevech,* 61 NY2d 34, 40). Therefore, the complaint was properly dismissed by Supreme Court, and the judgment should be affirmed.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.