■ BROOKE MARTIN et al., Appellants, v WALTER BAUGHMAN, Respondent. (And Another Related Action.) [613 NYS2d 773] —Cardona, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 23, 1993 in Ulster County, which, inter alia, granted defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

On August 22, 1990 plaintiff Brooke Martin was operating her car along State Route 28 in the Town of Olive, Ulster County. As she was passing the Boiceville Market Martin collided with a car pulling out of the parking lot of the market. At the time of the accident, employees of the State Department of Transportation (hereinafter DOT) were performing road work on Route 28 and had placed their truck at the front of the market parking lot abutting Route 28. Plaintiffs initially commenced a personal injury action against the truck driver, Roger D. Rotella, and the operator of the other car, Donna Lombardo. When plaintiffs learned that defendant, the supervisor in charge of the road crew, had directed the placement of the truck, plaintiffs commenced a separate action against him alleging the negligent placement of the truck. In lieu of answering, defendant moved to dismiss the complaint upon the ground, inter alia, that Supreme Court lacked subject matter jurisdiction. Supreme Court granted the motion and denied plaintiffs' cross motion for consolidation of the two actions. Plaintiffs appeal.

We find that plaintiffs' action is one seeking damages in tort for the alleged breach by defendant of an individual duty of care owed directly to Martin as a motorist using the highway and that defendant, not the State, is the real party in interest (see, Morell v Balasubramanian, 70 NY2d 297; see also, Ott v Barash, 109 AD2d 254; De Vivo v Grosjean, 48 AD2d 158). In making this determination, we find no merit in defendant's contention that as the supervisor of a State work crew he cannot be held to answer individually to plaintiffs in Supreme Court for any acts taken during the course of his employment.

We fail to see how defendant's decision to park the truck constitutes the exercise of an "official" government function, i.e., one implicating the power of the State, such that it can be deemed to be the real party in interest *(see, Morell v Balasubramanian, supra,* at 300). Accordingly, this action may be maintained in Supreme Court rather than the Court of Claims.

Additionally, because defendant took the position before Supreme Court that it did not oppose plaintiffs' consolidation motion, we now exercise our discretion to grant it.

Mikoll, Mercure, Casey and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and cross motion granted.