| Abbey v Nyantakyi |
|:---:|
| 2025 NY Slip Op 33501(U) |
| September 25, 2025 |
| Supreme Court, Broome County |
| Docket Number: Index No. EFCA2024001358 |
| Judge: Eugene D. Faughnan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York, on the
9th day of May 2025.

PRESENT:    HON. EUGENE D. FAUGHNAN
            Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

---

JAY E. ABBEY,

                        Plaintiff,                    DECISION AND ORDER

            vs.

                                                      Index No. EFCA2024001358

MIKE S. NYANTAKYI,

                        Defendant.

---

**EUGENE D. FAUGHNAN, J.S.C.**

This matter is before the Court to consider three separate motions in this case: a motion

for default judgment filed by Plaintiff, Jay E. Abbey; a cross-motion by Defendant Mike S.

Nyantakyi to dismiss the Complaint under CPLR 3211(a)(2) [lack of subject matter jurisdiction]

and CPLR 3211(a)(8) [lack of personal jurisdiction] due to the failure to effect proper service;

and Plaintiff's cross-motion to extend the time to serve the Defendant. In support of his motion

for a default judgment, Plaintiff submitted the Affirmation of his attorney, Jeffrey A. Jaketic,

Esq., setting forth the procedural facts to justify the default finding. Defendant submitted the

affirmation of Janel Kaufman, Assistant Attorney General in the Office of the Attorney General

for the State of New York, the Affidavit of Aaron Nyantakyi, Defendant's brother, and the

Affidavit of Defendant. Plaintiff replied with the Affirmation of his attorney Albert J. Millus, Jr.,

Esq. and the Affidavit of Plaintiff.[1] Oral argument was held on May 9, 2025 at which time both parties were present. After due deliberation, this Decision and Order constitutes the determination of this Court.

## BACKGROUND FACTS

Plaintiff's Complaint alleges causes of action for malicious prosecution and false arrest arising out of an interaction between Plaintiff and Defendant, a New York State Trooper. The eight-page Complaint contains several pages describing the relationship between Plaintiff and his neighbors, the Matthews family. Plaintiff and the Matthews have a long history of disagreement over an easement and right of way running over the Matthews' property to benefit the Plaintiff. Part of their disagreement concerns a gate the Matthews erected over the easement and right of way. Plaintiff alleges the gate fell down, but the Matthews reported to the New York State Police that Plaintiff destroyed the gate. Defendant Nyantakyi was assigned to investigate the report.

Plaintiff's allegations against Defendant's behavior are contained in two paragraphs of the Complaint:

> - Defendant Mike S. Nyantakyi was apparently assigned to investigate defendant James Matthews' spurious Complaint. Eventually, on June 1, 2023, defendant Nyantakyi arrested plaintiff, who suffered the indignity of being handcuffed and escorted to the New York State Police barracks, where he was handcuffed to a bench, photographed, and fingerprinted.
> - When plaintiff asked why he had been arrested, defendant Nyantakyi advised that he had reviewed the videos of the alleged incident and had concluded that it provided sufficient evidence for the charge.

---

[1] The Court has considered all the papers filed in support and opposition to the motion, as well as all the other documents contained in the electronic case file.

2

The remainder of the Complaint described efforts by Plaintiff to view the video, asserts that the accusatory instrument against him was not filed, and that the criminal matter was eventually dismissed. Plaintiff alleges that Defendant's actions described in the Complaint were reckless and that Defendant's statement that the charge against Plaintiff was justified by the video was false. He further alleges that Defendant's failure to timely file the accusatory instrument reflects a lack of basis for the charge.[2]

Plaintiff previously filed an action for malicious prosecution and false arrest naming both and Matthews as Defendants (EFCA2024000091). However, Plaintiff was unable to serve Nyantakyi in that matter within the 120 days required by CPLR §306-b, and opted to ask the Court to dismiss the case against Nyantakyi leaving just Matthews as Defendant in EFCA2024000091, while Plaintiff would commence the current action against Nyantakyi and attempt service. The Court dismissed the Complaint against Nyantakyi in EFCA2024000091 by an Order dated May 17, 2024. Plaintiff then filed the Summons and Complaint in this case (EFCA2024001358) on May 21, 2024 naming only Nyantakyi as a Defendant. Plaintiff's stated plan was to consolidate the two matters after successfully serving Nyantakyi.

## LEGAL DISCUSSION AND ANALYSIS

CPLR 3211 sets forth the bases and procedure for a motion to dismiss. "On a motion to dismiss made pursuant to CPLR 3211, a court should construe the pleadings liberally, accept the allegations as true and afford the party opposing the motion the benefit of every possible inference to determine whether the facts alleged fit within a cognizable legal theory." *T. Lemme Mech., Inc. v. Schalmont Cent. School Dist.*, 52 AD3d 1006, 1008 (3rd Dept. 2008) (citations

---

[2] The Court notes that it appears Nyantakyi did prepare an Information on June 9, 2023 but it was stamped as received in the Town of Chenango Justice Court on September 12, 2023. This Court has no knowledge about why the Information was filed three months after it was prepared or whose responsibility it was to file it.

3

omitted); *see, EBC I, Inc. v. Goldman Sachs & Co.*, 5 NY3d 11, 19 (2005); *Leon v. Martinez*, 84 NY2d 83, 87 (1994); *Kreamer v. Town of Oxford*, 91 AD3d 1157 (3rd Dept. 2012); *Stainless Broad. Co. v. Clear Channel Broad. Licenses, L.P.*, 58 AD3d 1010 (3rd Dept. 2009). "[T]he ultimate criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one." *Schmidt & Schmidt, Inc. v. Town of Charlton*, 68 AD3d 1314, 1315 (3rd Dept. 2009), *quoting Leon v. Martinez*, 84 NY2d at 88. The court should not make factual determinations on a motion to dismiss. *See, Niagara Mohawk Power Corp. v. State*, 300 AD2d 949 (3rd Dept. 2002). Whether the complaint will withstand a later motion for summary judgment, or whether Plaintiff will ultimately be able to prove the claims at trial, does not play any part in the determination. *See, EBC I, Inc. v. Goldman Sachs & Co.*, 5 NY3d 11; *Brown v. University of Rochester*, 224 AD3d 1180 (3rd Dept. 2024). "Notwithstanding the broad pleading standard, bare legal conclusions with no factual specificity do not suffice to withstand a motion to dismiss... [and] '[d]ismissal ... is warranted if the [pleading] fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery.'" *Mid-Hudson Val. Fed. Credit Union v. Quartararo & Lois, PLLC*, 155 AD3d 1218, 1219 (3rd Dept. 2017) [internal citations omitted] *quoting Connaughton v. Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 (2017). On this motion, Defendant has moved for dismissal under CPLR 3211 (a)(2) and CPLR 3211 (a)(8).

The Court will begin with Defendant's motion and the issue of jurisdiction because that motion has the potential to be dispositive. If the Court lacks jurisdiction, then it cannot address Plaintiff's motion for default judgment.

With respect to subject matter jurisdiction, Defendant argues this Court lacks subject matter jurisdiction because all of the alleged acts of Defendant were performed within the scope of his employment with the New York State Police Department. Therefore, this is actually an action against a state actor and only the Court of Claims has jurisdiction to consider such a claim. Plaintiff's attorney asserts he made a conscious decision to assert his claims against Defendant individually and purposely sought no remedy against the State in order that this Court would have subject matter jurisdiction over the matter. While that may be Plaintiff's intent, the question

4

[* 4]

of subject matter jurisdiction is not determined by a Plaintiff's preference, but is based on constitutional and statutory authority. A court may not waive subject matter jurisdiction, and a defect in subject matter jurisdiction may be raised at any time by the parties or by the court *Caffrey v. North Arrow Abstract & Settlement Servs., Inc.*, 160 AD3d 121 (2nd Dept. 2018). The Court must conduct its own analysis concerning the cause of action being asserted and whether it is a claim against a state actor or a person acting in their individual, private citizen capacity.

In analyzing subject matter jurisdiction in that context, the Court of Appeals has explained that:

> The Court of Claims has limited jurisdiction to hear actions against the State itself, or actions naming State agencies or officials as defendants, where the action is, in reality, one against the State -- i.e., where the State is the real party in interest. Generally, actions against State officers acting in their official capacity in the exercise of governmental functions are deemed to be, in essence, claims against the State and, therefore, suable only in the Court of Claims ... Not every suit against an officer of the State, however, is a suit against the State....
>
> A suit against a State officer will be held to be one which is really asserted against the State when it arises from actions or determinations of the officer made in his or her official role and involves rights asserted, not against the officer individually, but solely against the State.

*Morell v. Balasubramanian*, 70 NY2d 297, 300-301 (1987) (internal citations omitted).

In *Morrell* the Court of Appeals distinguished acts based on official duties from independent duties owed directly to an injured party. It found that a medical malpractice action against State physician employees was not one against "State officers or representatives of the State in their official capacity which had to be brought in the Court of Claims" because the duty of care was owed directly by a doctor to a patient. *Id.* at 302. Further, the fact that "plaintiff could have chosen to proceed in the Court of Claims directly against the State based on its vicarious liability for defendants' actions does not make the State the real party in interest in the suit against defendants in Supreme Court." *Id.*

5

The Court highlighted other instances where the State <u>was not</u> the real party in interest- an action against a hospital that operated a State ambulance service, and an action for property damage caused by employees of the State making street excavations; and where the State <u>was</u> the real party in interest- an action by a claimant whose license agreement was not renewed by the State Lottery Division and a claim against the Commissioner of Agriculture and Markets to recover a license fee after the license was denied. *Id.* at 301, 302. In the former category, there was an independent duty owed by the actor regardless of whether they were performing services for the State. In the latter, the only interaction or duty involved was related to the action being taken as a State employee.

In applying the holding of *Morrell*, the Fourth Department has held that when an employee of the Department of Corrections and Community Supervision (DOCCS) was sued for operating a vehicle in a negligent manner resulting in injury to the Plaintiff, a driver owed a duty to other drivers regardless of one's employment status. Therefore, the action could be brought in Supreme Court even if the State could be liable secondarily under *respondeat superior*. *Maiorana v. Green*, 236 AD3d 1396 (4th Dept 2025). The type of activity giving rise to the claim is a relevant consideration. The DOCCS employee in *Maiorana* was driving as part of her job, and the court found she owed a duty to fellow drivers to not drive negligently. She did not owe that duty because she was an employee of the State.

Conversely, when employees of a State hospital were alleged to have tortiously interfered with Plaintiff's employment, the Fourth Department found that the Defendants' allegedly improper actions were all done while they were investigating Plaintiff's Complaint and therefore directly connected to their official duties. *Impellizzeri v. Campagni*, 218 AD3d 1210 (4th Dept. 2023). They did not owe plaintiff a duty apart from their interaction with plaintiff in the course of their job duties. Therefore, the suit should have been brought in the Court of Claims, and

6

[* 6]

Supreme Court did not have jurisdiction. The current case is similar in that the Defendant's interactions with Plaintiff were due to the fact he was an employee of the State Police and were connected with the services he was asked to perform in that capacity by the State (and also by Matthews who made the complaint regarding the gate and easement).

Plaintiff argues Defendant is conflating individual liability and *respondeat superior* with scope of employment in the context of whether the State is the real party in interest. He refers to an example of a physician and a physician's employer both being liable for a medical malpractice action. The physician owes a duty to his or her patient independent of the employment, but the employer can still be held liable under *respondeat superior*. Plaintiff argues in this matter, like the physician example, the Defendant, as a New York State Trooper, owed a duty to Plaintiff independent of his employment with the State. Plaintiff does not identify that duty other than to refer to a citizen's constitutional rights. Under that argument, everyone would owe a duty to any other person not to violate their constitutional rights. Duty needs to be more specific and direct. Certainly, a State Trooper is not free to violate the constitutional rights of an individual, but that does not mean any time a constitutional violation is alleged that the Supreme Court has jurisdiction over the case. The real question is whether Defendant's actions as described in the Complaint were actions done by the State (through Defendant) or by this individual alone, independent of his employment with the State.

In *Martin v. Lanigan*, 150 AD2d 899 (3d Dept 1989) the Third Department also analyzed the question of the capacity in which the defendants were alleged to have acted. *Id.* at 901. The court observed that *Morell* "made clear that when defendants have acted in their individual capacities, as distinguished from their official capacities, they are the real parties in interest and an action that so alleges is properly brought in Supreme Court." The court held that because plaintiff's Complaint failed to allege that the defendants acted in their individual capacities, and

7

not in their official roles. and the Complaint did not seek damages arising from the breach of a duty owed individually by the defendants to plaintiff, plaintiff failed to establish that the individual defendants were the real parties in interest." *Id.*

In *Martin v. Baughman*, 205 AD2d 966 (3d Dept 1994) the court found that a supervisor in charge of a Department of Transportation crew could be sued in Supreme Court in his individual capacity because he owed a duty of care directly to the plaintiff, a motorist injured using the highway due to an alleged negligent parking of a truck. The court found "no merit in defendant's contention that as the supervisor of a State work crew he cannot be held to answer individually to plaintiffs in Supreme Court for any acts taken during the course of his employment. We fail to see how defendant's decision to park the truck constitutes the exercise of an "official" government function, i.e., one implicating the power of the State, such that it can be deemed to be the real party in interest." *Id.*

Here, Plaintiff's allegations are concentrated only on acts Defendant performed in connection with his job as a State Trooper. The only allegations in the Complaint relate to his job as an employee of the State. He was "assigned to investigate defendant James Matthews' spurious Complaint" and he "arrested plaintiff." Defendant did not perform any action except in furtherance of performing his job duties. There is no allegation that Defendant acted independently in investigating the incident that led to Plaintiff's arrest. Matthews is the one who initiated the involvement of the State Police, not the Defendant. After Matthews made the report, Defendant was assigned to respond to the matter- he did not volunteer, offer, or manipulate his involvement. He was assigned and responded to a call. He then reviewed the evidence and made decisions based thereupon. All his actions related to the performance of his job duties as a New York State Trooper. There are no allegations that he had any prior interactions with either party, or that he had any prejudice, favoritism, or any ill will toward Plaintiff.

8

Although Plaintiff's attorney argues he made a conscious decision to bring the action against Defendant individually, that decision does not control. Regardless of how Plaintiff attempted to characterize this matter in his pleadings, the causes of action against Defendant are nothing more than claims against the State of New York for money damages. Put another way, it is only because Defendant is a State Trooper that this action against him was brought.

As a result, this action is properly brought in the Court of Claims and not in Supreme Court. Because this Court lacks subject matter jurisdiction, the Plaintiff's motions are moot. Without jurisdiction, the Court cannot render a default determination, and there would be no point in considering the question of personal jurisdiction, or whether Plaintiff should be afforded an opportunity to re-serve the Defendant. If there is no subject matter jurisdiction, the Court is without authority to consider the matter further or make any directions or orders.

## CONCLUSION

Based on all the foregoing, the Court concludes that Defendant's cross-motion to dismiss is granted and Plaintiff's motion for a default judgment and cross-motion to extend his time to serve are denied.

Accordingly, it is hereby

ORDERED, that Defendant's motion to dismiss is GRANTED; and it is further

ORDERED, that Plaintiff's motion for a default judgment and cross-motion to extend his time to serve are DENIED.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated: September _25_, 2025
    Binghamton, New York

            HON. EUGENE D. FAUGHNAN
            Supreme Court Justice

[* 9]